Coffman et al. *v.* Reeves et al.

Will.—*Contesting Will after Probate.—Bond for Costs.—Jurisdiction.*—The proper filing of the bond for costs, etc., required by section 48, 2 R. S. 1876, p. 583, of the act in relation to wills, is not a prerequisite to the jurisdiction of the court over an action to contest the validity of a will which has been probated.

Same.—*Motion to Dismiss Action.—Practice.*—Where no such bond has been filed, the court, on motion, may either dismiss the action or stay proceedings therein until the proper bond is filed.

Same.—*Approval of Bond.—Affidavit.*—It is not error to overrule a motion to dismiss such action for want of a proper bond, made on the ground that the amount of the bond has been approved by the court instead of by the clerk, unless the truth of the ground alleged be shown by affidavit.

Same.—*Bill of Exceptions.—Supreme Court.—Record.*—Where a motion for dismissal of the action, for want of a proper bond, is not in writing, and neither it, nor the ruling thereon, is made part of the record on appeal by a bill of exceptions, and no exception to the ruling is taken, no question is presented in relation thereto.

Same.—*Evidence.—Exception.*—Where, from the bill of exceptions, it ap-

Coffman *et al.* *v.* Reeves *et al.*

pears that certain incompetent testimony was given by a witness, "at the instance" of the party examining the witness, but it does not appear that it was in response to questions asked and excepted to, the error is not available.

WILL.—*Contesting Validity of.*—*Insanity.*—*Evidence on Cross-Examination.*— Where, in an action to contest the validity of a will, on the ground of the alleged unsoundness of the mind of the testator, and the exercise of undue means to procure its execution, the scrivener has testified as to the manner in which the will was procured to be drawn and executed, and that, though the testator had left it in his possession, he had voluntarily returned it to the testator, it was not error, on cross-examination. to elicit from the witness his reasons therefor, and what he had said to her as to making the will.

SAME.—*Opinion of Witness.*—Where, in such action, a witness had stated his acquaintance with the testator, and his knowledge of his condition, it was not error for him to state, that, "like all old people," the testator "appeared childish."

SAME.—*Impeaching Witness.*—*Statements out of Court.*—Where a witness has testified in such action concerning the sanity of the testator, or the manner in which the execution of the will was procured, it is proper to ask him on cross-examination, to lay the ground to impeach him, whether he has not previously made statements at variance with his testimony.

WILL.—*Supreme Court.*—*Assignment of Error on Matter of Fact.*—*Repeal of Statute.*—So far as section 45 of the act relating to wills, 2 R. S. 1876, p. 570, authorizes an assignment of error in the Supreme Court as to matters of fact, it is repealed by section 568 of the practice act, 2 R. S. 1876, p. 244.

INSTRUCTION TO JURY.—*Repetition.*—The fact that the court, in its instructions to the jury, frequently repeats a correct rule of law, is not error.

From the Putnam Circuit Court.

*D. E. Williamson* and *A. Daggy,* for appellants.

*C. C. Matson* and *H. Matthias,* for appellees.

HOWK, C. J.—This was a suit by the appellees, as plaintiffs, against the appellants, as defendants, to contest the validity, and set aside the probate, of the alleged last will and testament of Nancy Coffman, deceased.

The appellees alleged, in substance, in their complaint, which was filed in the court below on the 6th day of December, 1875, that the said Nancy Coffman died on the 3d day of October, 1874, leaving as her only heirs at law the appellants, Abraham Coffman and Parker Coffman, her sons, and

the appellees, her grandchildren, who were the children of Drusilla Reeves, the deceased daughter of said Nancy Coffman; that, on the 8th day of October, 1874, the appellants produced and proved, before the clerk of the court below, a paper writing purporting to be the last will and testament of said Nancy Coffman, deceased, a copy of which pretended will, and of the probate thereof, was filed with and made part of said complaint; that said pretended will was not the last will and testament of said Nancy Coffman, deceased, because the appellees said that the same was unduly executed; that, at the time of the pretended execution of said pretended will, the said Nancy Coffman was a person of unsound mind, and incapable of transacting the ordinary business of life or of disposing of her property with a due regard to her own welfare or the welfare of those interested in said property; that said pretended will was procured by the importunity, coercion and undue influence of the appellants; that, at the time of the pretended execution of said will, the said Nancy Coffman was eighty years of age and extremely deaf, and had just buried her husband, and was in a condition of mind and body to be easily overcome and overpersuaded by the appellants; that the appellants persuaded her and induced her to believe, that, unless she gave them the bulk of her property in some manner, no one would take care of her, and she would suffer for the comforts and necessaries of life; that, at the time of the execution of the said pretended will, the said Nancy Coffman was the owner of real estate, particularly described, of the value of $4,000, and owned and possessed personal property of the value of $2,000, of which property, real and personal, she was seized and possessed at the time of her death; and that the appellants well knew all said facts, and, for the purpose of cheating and defrauding the appellees out of their just distributive share of the estate of said Nancy Coffman, they procured her to make said pretended will. Wherefore, etc.

The appellants moved the court to dismiss this action, which motion was overruled, and they then answered by a general denial.

The issues joined were tried by a jury, and a verdict was returned for the appellees. The appellants then moved the court for a new trial, which motion was overruled, and to this decision they excepted. The court then rendered judgment on the verdict, that the last will and testament of said Nancy Coffman, deceased, and the probate thereof, be set aside and held for naught, and that the appellees recover of the appellants their costs in this action expended, from which judgment this appeal is now prosecuted.

In this court, the appellants have assigned the following alleged errors of the court below :.

1. In overruling their motion to dismiss this action ;

2. In overruling their motion for a new trial ;

3. The jury found the will to be invalid, when it was not.

We will consider and decide the several questions presented by the appellants' counsel, arising under the alleged errors, in the order of their assignment.

1. In section 48 of "An act prescribing who may make a will, the effect thereof, what may be devised, regulating the revocation, admission to probate, and contest thereof," approved May 31st, 1852, it is provided as follows : " Before any proceedings shall be had on an application to contest a will after probate thereof, the person making the same, or some other person in his behalf shall file a bond, with sufficient sureties, in such amount as shall be approved by the clerk of such court of common pleas, conditioned for the due prosecution of such proceedings, and for the payment of all costs thereon, in case judgment be awarded against him." 2 R. S. 1876, p. 583. The ground of the appellants' motion to dismiss this action, as we infer from the briefs

of counsel, was the failure of the appellees to file a bond, the amount of which had been approved by the clerk of the court below. It appears from the record that a bond was filed by and on behalf of the appellees, in the amount of one thousand dollars, and conditioned as required by the statute. It is not claimed by the appellants' attorneys that the amount of the bond was not sufficient, or that the obligors therein were not solvent. But it is objected to the bond, as we understand the objection, that it was not endorsed as approved by the clerk, over his own signature, but, in lieu thereof, it was endorsed, "Approved by the court this 6th day of December, 1875. Attest: M. D. Bridges, clerk."

The appellants' motion was not in writing, nor was there any reason assigned for such dismissal; nor were the motion, and the ruling of the court thereon, made parts of the record by a proper bill of exceptions. Indeed, the entry in the order-book of the overruling of the motion, as copied into the record, fails to show that the appellants excepted to such ruling. It is clear, therefore, that the alleged error of the court, in overruling said motion, was not properly saved in the record, and presents no question for our decision; for the grounds of the motion do not appear in the entry, nor was an exception "noted at the end of the decision." 2 R. S. 1876, p. 177, sec. 345. It is suggested in argument by the appellants' counsel, that their objection to the approval of the bond in this case goes to the jurisdiction of the circuit court over the subject-matter of the action, and that such an objection can not be waived, and may be presented at any time.

We do not think that the filing of the bond provided for in said section 48 was a necessary pre-requisite to the jurisdiction of the court below of this action. It is true, that such action is purely statutory, and that the rules of good pleading and practice would require a strict compli-

ance with the requirements and formalities of the statute. It does not follow, however, that these requirements or formalities are necessarily jurisdictional. In the case of *Sutherland* v. *Hankins*, 56 Ind. 343, in reference to the jurisdiction of suits for the contest of wills, we used this language: " The statute prescribes two jurisdictional facts, the existence of either one, or both, of which would give the proper court of the proper county jurisdiction of such a proceeding. These facts are, the death of the testator in the county, or that some part of his estate is in the county, in which the proceeding is commenced." See, also, on this point, the cases of *Harris* v. *Harris*, 61 Ind. 117, and *Thomas* v. *Wood*, 61 Ind. 132.

If, in this action, there had not been any bond filed, the court would, no doubt, on a proper motion made, have either dismissed the action or have stayed proceedings therein until such bond had been filed. The appellants' objection to the bond, that it was approved by the court instead of by the clerk of the court, was so exceedingly technical, that the court would not have erred in overruling their motion, unless it had been shown by affidavit that the clerk did not approve of the amount of such bond. The motion to dismiss was properly overruled.

2. The second error assigned by the appellants is the decision of the court in overruling their motion for a new trial. In this motion, the causes for such new trial were as follows:

1. The verdict of the jury was not sustained by sufficient evidence ;

2. The verdict of the jury was contrary to law ;

3. Error of the court, in permitting the introduction of certain evidence, as shown by bills of exceptions on file Nos. 1, 2, and 3 ; and,

4. Error of the court, in giving certain instructions, as shown in bill of exceptions No. 4 on file.

The able counsel of the appellants have devoted a large portion of their elaborate and exhaustive brief of this cause to the examination and consideration of the evidence adduced upon the trial.   We can not set out the evidence in this opinion, nor do we propose to follow counsel in their review of the testimony of the different witnesses. The case was one of fact, and not of law ; and the jury had opportunities and facilities for the just and proper determination of this cause, which we can not possibly have. The questions of fact, as to whether or not the testatrix, Nancy Coffman, at the time of the execution of her alleged last will, was of sound mind and capable of disposing of her property, and as to whether or not the said will was unduly executed by said testatrix, by reason of coercion, undue influence or fraud of the appellants, were fairly presented to the jury, and were proper questions for their consideration and determination.   We have carefully read and considered all the evidence in the record, and we are led to the conclusion that there was evidence before the jury which tended to sustain the verdict.   In such a case, it is not our province to weigh the evidence, or to attempt to determine its preponderance in favor of or against the verdict of the jury ; but it is our duty, as we understand our duty, to uphold and sustain the conclusions reached by the triers of the facts, and approved by the judgment of the circuit court.

Marshall A. Moore, one of the subscribing witnesses to the will in controversy, was the first witness introduced by the appellants, on the trial of this cause, to sustain said will.   On his cross-examination by the appellees, this witness testified as follows ;

" I did not myself want her to make a will, but did not tell her so ;" and again, " My object was to let her have a full opportunity to destroy it, if she desired."

The appellants' objections to these statements of the wit--

ness were, that "the same were the private opinions of the witness and incompetent as evidence;" but these objections were overruled by the court, and to these rulings the appellants excepted. It is stated in the bill of exceptions, that the witness testified to the statements above quoted, over the appellants' objections, "at the instance of the appellees." It does not appear from the bill of exceptions, that the appellants interposed any objections to the questions, if any, which elicited from the witness the statements objected to; nor, indeed, does it appear that these statements were not voluntarily made by the witness, unless it may be inferred from the recital in the bill, that the testimony was given "at the instance of the appellees." It appeared from the testimony of the witness, on his examination in chief, that he had been the attorney of the testatrix, Nancy Coffman, in her lifetime, in drafting the will in suit; that, on the day the will was executed, he was expecting her at his office to make a deed, "but not especially expecting her that day," and that she came to his office on the day in question, and, after he had explained to her the effect of a deed, she declared that she wouldn't make a deed, when he said to her that "she was right in that." He further testified : " She then asked if she could make a will," and he answered, " that he thought she could," and that, having received her instructions, he got paper and drafted the will in controversy. The witness having testified in chief, as to what he thought about the testatrix making a deed, we think the appellees had the right to enquire of him what he thought, and what he had said to her, about her making her will. On his direct examination, the witness had testified, that, after the execution of the will, he asked the testatrix who should keep it, and she said that she would leave it with him, and that afterward, in 1873 or 1874, he had returned and delivered the said will to said testatrix. On cross-examination, it

seems to us that the appellees might fairly enquire of the witness, what his object was in returning and delivering the said will to said testatrix.

From another bill of exceptions, it appeared that the appellees asked one of their witnesses on the trial to describe the condition of the testatrix, and that the witness answered : " The old lady was like all old people,—appeared childish." The appellants objected to this testimony, for the reason that it was by comparison, and the expression of an opinion and conclusion by the witness, and therefore incompetent, which objection was overruled, and to this ruling the appellants excepted. The witness had known the testatrix for forty years, and had frequently been at the house of herself and husband. He had had opportunities for knowing her condition in October, 1869, when the alleged will appeared to have been executed, and he was asked to describe her condition. The question was certainly proper, and the record fails to show that it was objected to. It seems to us that the appellants' objections to the answer of the witness were not well taken. Having stated the facts upon which they were founded, the witness might properly state his opinion and conclusion therefrom. The fact, if it were the fact, that the testatrix " appeared childish," was a fact which the appellees had the right to prove, if they could. It was competent evidence, and pertinent to the issues, and the volunteer statement of the witness, that, in this respect, " the old lady was like all old people," would not render the evidence incompetent.

It appears, also, from a third bill of exceptions, properly in the record, that the appellants having introduced and examined in chief Marshall A. Moore, Esq., a witness in their behalf, the appellees " then and there cross-examined said witness, and, for the purpose of impeaching said witness," asked him the following questions :

" On the day of the October election, 1874, and in your office, did you say to Stanfield James and James M. Reeves that you could have influenced the testatrix to do whatever you said, or words to that effect?" To which the witness answered, " I think not; there was a conversation, but not as above, nor in substance as above."

And again: " On the same day, at the same place, did you say to James M. Reeves, that you thought at one time that the will was burned, and that it should have been burnt; that you knew it would cause trouble? and then your brother, Granville, said : ' Jim Reeves, we could tell you more, but we have to be true to our client;' and then you spoke up and said, ' yes, we could?'" To this question the witness answered, " No."

The appellants objected to the asking and answering of each of the said questions, and of the sev― ι parts thereof, " for the reason that the same was the mere expression of opinion by said witness, and not contradictory or impeaching of any of his testimony or evidence, and therefore incompetent and improper." These objections were not well taken. In asking said questions, the appellees could hardly have expected that the answers of the witness thereto would be " contradictory or impeaching of any of his testimony or evidence." It may be assumed, we think, that the object and purpose of the appellees in propounding these questions to the witness were to prove by him the matters suggested therein, if they could; but, if the witness should deny the matters inquired about, then the appellees would thereafter contradict and impeach him by the evidence of the persons named in said questions. We think that both the questions to and the answers of the witness were competent and proper on cross-examination.

In discussing the alleged error of the court, in its instructions to the jury, the appellants' learned attorneys say : " The general objection to these instructions is, that

the one is a repetition of the other, with such frequency as to impress the jury with the idea that old age is *senilis dementia*, and, of itself, precludes the competency of old persons to make a will; especially would such be the effect of the instructions, when it is recollected that some of the witnesses testified that she was incompetent to make a will, because she was too old."

It will be observed, that the appellants' counsel do not pretend to claim that the instructions of the court to the jury, or any one of those instructions, on this subject, were in the slightest degree erroneous; but, conceding, as they do, by their failure to point out any objection to any of said instructions, that the law on the point suggested is fully and fairly stated in each of said instructions, they complain only of the frequent repetition of the law in the several instructions, and claim that the effect of such repetition was "to impress the jury with the idea" that the law was *not* what the court had repeatedly instructed them that it was.    We can not think that such an effect would necessarily, or even probably, follow from the frequent repetition of a correct statement of the law, and, therefore, we can not adopt, nor approve of, "the general objection" of the appellants' counsel to the instructions given.    We have read and considered all the instructions contained in the record, and, in our opinion, they were unobjectionable in form, were applicable to the issues and the evidence, and fairly and correctly presented the law of the case to the jury trying the cause.    Therefore, we deem it unnecessary to set out any of the instructions in this opinion.

The third and last error assigned by the appellants is, "that the jury found the will to be invalid, when it is not."    Under this alleged error, the appellants' counsel ask that the questions of fact, in issue between the parties, may be re-tried, in and by this court.    This claim to a

trial of the questions of fact involved, in and by this court, is founded upon section 45 of the act before referred to, "prescribing who may make a will," etc. This section 45 provides as follows:

"Sec. 45. Any person affected by the proceedings of such courts may appeal or prosecute a writ of error to the Supreme Court from either, and may assign errors upon matters of fact and law." 2 R. S. 1876, p. 583.

This act in relation to wills, as we have seen, was approved on the 31st day of May, 1852. The practice act, or code of practice in the courts of this State, was approved on the 18th day of June, 1852, and was, therefore, the later expression of the legislative will on the matters embraced therein. In section 568 of the latter act, it was provided, that "No pleadings shall be required in the Supreme Court upon an appeal but a specific assignment of all errors relied upon, to be entered on the transcript in matters of law only," etc. 2 R. S. 1876, p. 244. It is very clear, we think, that the provisions of this section of the practice act are utterly inconsistent with, and therefore repeal by implication, so much of said section 45 of the act in relation to wills as authorized the assignment, as error, of matters of fact, in this court. The request of the appellants' counsel, that the questions of fact, in issue in this cause, be re-tried, in and by this court, is unauthorized by law, and is therefore denied.

We find no error in the record.

The judgment is affirmed, at the appellants' costs.