Potts *et al.* *v.* Felton *et al.*

. Potts et al. *v.* Felton et al.

Will.—*Action to Contest.*—*Limitation of.*—An action to contest the validity, and set aside the probate, of a will, must be commenced within three years after the will is offered for probate.

Same.— *Will Attested by only one Witness.*—A will, other than a nuncupative will, attested by only one subscribing witness, is invalid.

Same —*Mistake of Subscribing Witness.*—A testator having completed and executed his will, and his wife having endorsed thereon, immediately at its close, her assent to its terms, one of the subscribing witnesses attested both the will and the assent, while the other witness, intending only to attest the will, by mistake attested the assent.

*Held,* that the will was duly attested.

New Trial —*Causes.*—*Evidence.*—A motion for a new trial, based on the alleged grounds, that the finding was not sustained by sufficient evidence, and is contrary to law, presents only the one question, viz.: Is the finding on the issues sustained by sufficient legal evidence?

From the Boone Circuit Court.

*J. W. Clements* and *T J. Terhune,* for appellants.

*C. S. Wesner,* for appellees.

Howk, J.—This suit was commenced by the appellees, against the appellants, on the 8th day of June, 1877. In their complaint the appellees alleged, in substance, that on the 15th day of October, 1871, the appellee Mary E. Felton intermarried with one Webster C. Potts, since deceased; that on the 24th day of October, 1871, the said Webster C. Potts executed a certain instrument in writing, alleged to be his last will and testament, a copy of which was filed with and made a part of said complaint; that afterward, on the 28th day of October, 1871, the said Webster C. Potts died, leaving surviving him, as his only heir, the said Mary E. Felton, his widow, having no children born to him during his marriage, and having neither father nor mother living at the time of his death; that said written instrument, alleged to be the last will and testament of said Webster C. Potts, deceased, was not executed in accordance with the requirements of the statutes of this State in

such cases made and provided, in this: That there was only one attesting witness thereto; that on the 6th day of November, 1871, said written instrument was unduly probated in the clerk's office of the court of common pleas of Boone county, Indiana, a copy of which probate was filed with and made part of said complaint; that, in and by said alleged last will and testament, the appellant William F. Harris was appointed the executor thereof, to execute the bequests contained therein. Wherefore, by reason of the irregularity in the execution and probate of said alleged last will and testament of the said Webster C. Potts, deceased, the appellees demanded that said alleged will be set aside and held null and void against the rights of the appellee Mary E. Felton, and that the letters testamentary, theretofore granted to the appellant William F. Harris, should be revoked, and all other proper relief.

This complaint was verified by the oath of the appellee Mary E. Felton, on the 8th day of June, 1877.

The appellants jointly demurred to appellees' complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled by the court, and to this decision they excepted. They then answered in two paragraphs, in substance as follows:

1. A general denial of the complaint; and,

2. An affirmative or special defence, to which the appellees replied by a general denial.

The issues joined were tried by the court without a jury, and a finding and judgment were made and rendered for the appellees. in accordance with the prayer of their complaint. The appellants' motion for a new trial was overruled by the court, and to this decision they excepted, and filed their bill of exceptions. Their motion in arrest of judgment was also overruled by the court, and to this decision they excepted and appealed from the judgment rendered to this court.

The appellants have here assigned, as errors, the following decisions of the circuit court:

1.   In overruling their demurrer to the complaint;

2.   In overruling their motion for a new trial; and,

3.   In overruling their motion in arrest of judgment.

The first and third of these alleged errors alike call in question the sufficiency of the facts stated in the appellees' complaint to constitute a cause of action, or to entitle them to the relief prayed for therein. These alleged errors, therefore, may properly be considered together. It will be seen from our statement of this case, that the appellees commenced this suit or proceeding more than five years after the alleged last will and testament of said Webster C. Potts, deceased, was admitted to probate in the clerk's office of the proper court. In section 39 of "An act prescribing who may make a will," etc., approved May 31st, 1852, it is provided that "Any person may contest the validity of any will * * * * at any time within three years after the same has been offered for probate," etc. 2 R. S. 1876, p. 580. There was no cause, reason or excuse, stated or assigned by the appellees in their complaint, for their failure to commence this action or proceeding within three years after the last will and testament of said Webster C. Potts, deceased, had been duly proved by the oath of an attesting witness before the clerk of the proper court in vacation. It is certain, that the statute regulating the probate of wills will not justify or excuse the failure of the appellees to commence this suit within the time limited therein. It might well be said, therefore, for aught that appears in the complaint, that this suit or proceeding was not commenced within the time limited by law, and would not lie. Such a suit or proceeding to contest the validity of a will, or to resist or set aside the probate thereof, is purely a statutory proceeding; and, for this reason, it has often been held by

this court that the requirements of the statute must be complied with. *Willett* v. *Porter*, 42 Ind. 250; *Sutherland* v. *Hankins*, 56 Ind. 343; and *Coffman* v. *Reeves*, 62 Ind. 334.

The record of this cause shows very clearly, that the appellees did not commence this proceeding to contest the validity and set aside the probate of the last will of Webster C. Potts, deceased, "at any time within three years after the same had been offered for probate;" and therefore it follows, as it seems to us, that the appellees' complaint wholly failed to show by its allegations, that they or either of them had any cause or right of action to contest the validity and set aside the probate of said will, when this suit or proceeding was commenced, or at any time since.

For these reasons, we are of the opinion that the court erred in overruling both the appellants' demurrer to the complaint and their motion in arrest of judgment.

But, if it be assumed that the appellees' complaint stated facts sufficient to withstand the appellants' demurrer thereto and their motion in arrest of judgment, we are clearly of the opinion, that the case made by the complaint was not sustained by the evidence in the record, and that, for this reason, the court erred in its decision in overruling the appellants' motion for a new trial. In their motion for a new trial, the only causes therefor, assigned by the appellants, were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. By these causes for a new trial, the only question presented for our decision may be thus stated: Was the finding of the court, upon the issues joined in this cause, sustained by sufficient legal evidence?

From our statement of the substance of the appellees' complaint, it will be seen that the only ground upon which

they contested the validity, and sought to set aside the probate, of the last will and testament of said Webster C. Potts, deceased, was "the undue execution" of said will, in this, that the same had been attested by only one subscribing witness. In section 18 of the aforesaid act of May 31st, 1852, it is provided as follows:

"No will except a nuncupative will shall affect any estate, unless it be in writing, signed by the testator, or by some one in his presence, with his consent, and attested and subscribed in his presence by two or more competent witnesses; and if the witnesses are competent at the time of attesting, their subsequent incompetency shall not prevent the probate thereof." 2 R. S. 1876, p. 575.

The will of Webster C. Potts, deceased, was not a nuncupative will; and if, as alleged, it was attested by only one subscribing witness, it would seem to be clear that such a will, under the statutory provisions last quoted, would have no validity. It is purely a question of fact, as it seems to us, whether the last will and testament of Webster C. Potts, deceased, was attested by only one witness, or, in the language of the statute, was "attested and subscribed in his presence by two or more competent witnesses." The only evidence bearing upon this question of fact, contained in the record, was a copy of said will and of the probate thereof, and the testimony of one witness.

The will purported on its face to have been executed on the 24th day of October, 1871, and, as probated, it concluded as follows:

"In testimony of which, I hereby subscribe my name."

"Attest: W. A. HARNEY." (Signed) "W. C. POTTS."

"I, Mary Ellen Potts, wife of Webster C. Potts, the above testator, having heard the above will read, do hereby

declare my satisfaction, and agree to all the above provisions in said will. (Signed,)   MARY ELLEN POTTS.

"Attest:   W. A. Harney.

"J. H. Potts."

The only additional evidence, besides the will itself, in regard to its execution, introduced on the trial of this cause, was the following testimony of James H. Potts, to wit:

"My name is James H. Potts; am 48 years old; live in Boone county, Indiana; was acquainted with Webster C. Potts in his lifetime. He died on the 28th day of October, 1871. Am acquainted with the plaintiff Mary E. Felton; she was the wife of Webster C. Potts, deceased; there were no children by their marriage. I know all the parties to the suit. Was present when Webster C. Potts made his will. He lived in Boone county, Indiana, at the time, and so continued up to his death. I was present when he signed his will, and saw him do so. W. A. Harney was present at the time Webster C. Potts signed his will. Webster C. Potts first subscribed his own name to his will, in the presence of myself and W. A. Harney. Just below the will, and on the same paper, there was a statement written out for Webster C. Potts' wife to sign, which she did. After Webster C. Potts had signed his own name to his will, and after his wife had signed the written statement below the will, Webster C. Potts requested me and W. A. Harney to attest his signature to his will, as subscribing witnesses to the same. Wm. A. Harney, in the presence of Webster C. Potts, attested the signature of Webster C. Potts to his will, as a subscribing witness, by signing his name on the same line, but to the left of the name of Webster C. Potts, the testator. W. A. Harney, also, at the same time, attested the signature of Mary E. Potts to the statement written below the will. I signed the will introduced in evidence, as an attesting witness.

I intended to sign the instrument, as a witness to the will only. I was not asked to sign it in any other capacity. I saw Webster C. Potts sign the will. The will was written by Mr. Harney, one of the subscribing witnesses. The testator said it was his will, in my presence, and requested myself and Mr. Harney to witness the same. Mr. Harney is now dead; he was then about 40 years old. We both signed the will in the presence of the testator. I was called upon to witness no other instrument, except the will of Webster C. Potts. It is my signature, that which you have shown me. I know Mr. Harney's handwriting, and both of the signatures you have shown me are his, that is, the signatures which appear on the face of the will. It is also Webster C. Potts' signature; saw him write it. I see from the will, that I have signed it below the written statement signed by the wife. I did not intend to do this. I saw Webster C. Potts sign his name on the same side of the same sheet of paper, and thought I was signing the same as a witness to his will only. It was by mistake that I signed my name below the statement of the wife. It was on the same side of the sheet of paper on which the will was written, and signed by the testator, and acknowledged, in the presence of myself and Mr. Harney."

This was all the evidence given in the cause, which had any reference whatever to the number of the attesting witnesses to the will in controversy; and the number of such witnesses, as we have seen, was the only ground of contest and the only question. in issue, in this cause. We are of the opinion, that this evidence showed clearly and conclusively, that the last will and testament of Webster C. Potts, deceased, was attested and subscribed in his presence by two witnesses, whose competency was not called in question. The fact that a memorandum of three lines, signed by the testator's wife, intervened between Webster C. Potts' signature to his will and the

signature of the witness, James H. Potts, attesting the execution of the will, ought not to and did not, we think, invalidate the testator's execution of his will. The forms and solemnities prescribed by the statute, in regard to the execution and attestation of a last will, must be complied with; and, therefore, it was necessary that the last will of Webster C. Potts should be attested and subscribed, in his presence, by at least two competent witnesses, and the evidence showed that this was done.

The case of *Patterson* v. *Ransom*, 55 Ind. 402, is relied upon by the appellees' counsel, as an authority in support of the decision below; but the two cases are so widely different, each from the other, that we cannot regard the case cited as in point in the case at bar. The will in controversy, in the case cited, was attested and subscribed at the time of its execution by a single witness; and, more than four years afterward, the testator in that case wrote and signed a memorandum on the back of his will, and his signature to that memorandum was attested by another witness. It was held by this court, and we think correctly so under the facts of that case, that the will in question was not attested and subscribed, as the statute required, in the testator's presence, by two or more competent witnesses. Upon the point under consideration, it was well said in that case by WORDEN, C. J., in delivering the opinion of the court: "By our law, as we have seen, two witnesses are required. They are to attest and subscribe the will. It is their province to judge of the mental soundness of the testator, and they are required, in order that no fraud be practised upon him. The statute contemplates that both shall witness and attest the same transaction. Separated, as these attestations were, both in time and space, each of the witnesses knew nothing of what transpired at the time of the attestation by the other."

In the case at bar, however, the last will of Webster C.

Potts was executed by him, as the evidence showed, in the presence of both William A. Harney and James H. Potts, the attesting witnesses thereto; both of whom, at the same time and in the testator's presence, attested and subscribed said will, as such witnesses. The execution of the will by the testator, and its attestation, in his presence and at his request, by William A. Harney and James H. Potts, were parts of one and the same transaction; and these attesting witnesses could both see, at one and the same time, that no fraud was practised upon the testator in the execution of his will, and could judge of his capacity. 2 Greenl. Ev., sec. 691; Williams on Executors, 5th Am. ed., p. 60, note.

For the reasons given, the court erred, we think, in overruling the appellants' motion for a new trial of this cause.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the appellants' demurrer to the appellees' complaint, and for further proceedings in accordance with this opinion.