Parmalee *v.* Kregelo *et al.*

Filed December 12, 1895.

---

No. 17,594.

## PARMALEE *v.* KREGELO ET AL.

APPELLATE PROCEDURE.—*Sufficiency of Evidence.*—A finding by the court will not be disturbed on appeal on the ground of the insufficiency of the evidence, where there is sufficient evidence to sustain it.

BURDEN OF PROOF.—*Sale.*—*Fraud.*—*Notice.*—*Real Estate.*—The burden of proving that a purchaser of land had notice that such land

had been fraudulently omitted from a prior deed to plaintiff rests upon the latter, where he alleges such notice in the complaint.

From the Marion Superior Court.

*Holtzman & Leathers*, for appellant.

*W. L. Taylor*, *Claypool & Claypool*, for appellees.

JORDAN, J.—Action by appellant to enforce a specific performance of a contract for the sale of certain described real estate, against the appellees, Charles E. and Laura J. Kregelo, his wife, and to quiet title thereto against the other appellees herein.

There was a trial by the court and a special finding of facts and conclusions of law thereon.

The finding, in the main, was in favor of appellees, but as to a part of the premises in controversy the court found that appellant was entitled to have her title quieted. Over her motion for a new trial, judgment was rendered upon the finding, and it was adjudged that each party pay their own cost. An appeal to the general term resulted in an affirmance, and to reverse this latter judgment is the purpose of the appeal to this court.

The gist of the complaint is, that Kregelo and wife, by a written contract, sold to appellant certain real estate, situated in the city of Indianapolis, for the sum of $8,000.00, and that in their deed of conveyance to her, they fraudulently omitted to embrace therein and convey to her a part of said realty, so sold; the portion so omitted being described as three feet and nine inches off the north side of lot number 10, in square 27, in said city. That subsequently, Kregelo and wife, sold and conveyed said strip, to their co-appellees, William H. Cooper and Laura A., his wife, for the sum of $375.00, and that the latter, at the time they purchased, paid

said price, and accepted a deed therefor, had full notice of all the rights and titles of appellant in and to said premises. A demand upon Kregelo and wife for a deed to said real estate is averred, etc., and there is a prayer that the latter be required to execute a deed for the premises in question, and that the conveyance to Cooper and wife be adjudged to be fraudulent and void, and that plaintiff's title be quieted. To reverse the judgment, appellant relies solely upon the reason which she asserts that her motion for a new trial should have been sustained upon the grounds:

First. That the finding of the court was not sustained by sufficient evidence.

Second. That it was contrary to law.

By these two causes as assigned for a new trial, the only question presented is: Was the finding upon the issues joined sustained by sufficient legal evidence? *Potts* v. *Felton,* 70 Ind. 166; *Robinson Machine Works* v. *Chandler,* 56 Ind. 575.

Appellant's learned counsel insist and argue with much ability and apparent sincerity, that the evidence does not support the several findings, and that therefore the judgment must be reversed.

They must not, however, misinterpret, as they seemingly do, the rule so repeatedly declared and firmly settled, namely: That it is not our province to weigh the evidence, and thereby pass upon the conflicts therein. This duty, as we have repeatedly said, is one resting upon the trial court; and when the evidence comes to this tribunal, as it does in the transcript only, impressed with the sanction and approval of the lower court, by its action in overruling the motion for a new trial, we must and do presume that this duty has been discharged. When the evidence is assailed by a party in this court, upon the ground of its insufficiency to support the verdict or

Parmalee *v.* Kregelo *et al.*

finding of the court, and that the same is contrary to law; the only judicial inquiry arising upon this proposition will be : Is there, in the record, any legal evidence sufficient, under the issues, to sustain the verdict or finding upon every material point? If this question can be answered in the affirmative, we cannot, under the rule, reverse the judgment upon that ground, for we must presume, that it was this evidence which convinced the jury and trial court, and that the conflicting or contradictory evidence was not credible and was therefore rejected.

We have carefully read all of the evidence in the record, and while it is true, as is usually the case, there is some conflict therein, but we find, however, that under the rule stated, it sufficiently sustains the findings of the court in every essential respect. Counsel for appellant in their brief say :

"One of the vital points in issue upon the trial was : Did the defendants, Cooper and wife, at the time of the purchase have notice of the rights and interests of appellant in said land? It is undisputed, that Kregelo and wife, on March 16, 1892, conveyed to them the real estate in controversy, but were they purchasers without notice of the rights of plaintiff, if so, then she could not recover against them, whatever her rights might be against the Kregelos."

The complaint alleged, that Coopers had such notice, and, under the issues, the *onus* was upon appellant to prove this fact. Upon an examination, however, we find evidence ample to justify the trial court in finding in the negative upon this particular issue. Appellee Cooper, upon the witness stand, expressly disavowed the imputation of notice as to himself and wife. It is not necessary, nor would it serve any useful purpose, in the case for us to set out, in detail, in this opinion, the

evidence, or parts thereof, which appellees insist, and which we think, support the findings of the court.

Appellant having failed to sustain her contention by affirmatively showing, by the record, that there is no sufficient legal evidence to support the finding, the judgment is therefore affirmed.

Filed December 12, 1895.