## WALCOTT *v.* PATTERSON and Others.

No exception having been taken in this case to any ruling of the Court below, no question is presented in the Supreme Court.

APPEAL from the *Allen* Circuit Court.

PERKINS, J.—In 1832, near twenty-eight years ago, *James Walcott* filed his bill in chancery, in the *Allen* Circuit Court, against *David Pickering* and *Isaac Patterson*, to foreclose a mortgage executed by them to him, to secure the payment of 200 dollars. The Hon. *Charles H. Test* was then the circuit judge. The solicitor by whom *Walcott* filed his bill was *David H. Colerick*, Esq.

The cause was continued for process till the *April* term, 1833, when the defendants appeared by *Henry Cooper*,

their solicitor in chancery, and answered. Hon. *Gustavus A. Everts* was then the circuit judge. The answer was sworn to before *Allen Hamilton*, clerk.

The cause was continued, from term to term till the *April* term, 1838, when depositions were published. Hon. *Charles W. Ewing* was then the circuit judge.

In 1837, Mr. *Coombs* appears to have been associated with Mr. *Colerick*, as solicitor for the plaintiff.

At the *March* term, 1839, the cause was continued with leave to take depositions.

The next entry of record is at the *January* term, 1842, when the cause came up before the Hon. *James W. Borden*, circuit judge, and a bill of revivor was ordered against the heirs of defendant, *Pickering*, he having obeyed a summons to appear and answer at the bar of another and far distant Court.

At the spring term, 1842, the cause appears to have been submitted to the Court, and a decree seems to have been rendered for the plaintiff.

At the *July* term, 1843, the counsel for the plaintiff suggested the loss of the mortgage and note on which the suit was founded, and the Court ordered a copy of each to be substituted.

In 1849, there appears an entry that the papers were all lost; and, on motion of the plaintiff, the cause was reinstated upon the docket on a transcript of the lost papers.

At the *October* term, 1849, leave was given the plaintiff to amend his bill.

At the *March* term, 1850, the plaintiff obtained leave to file a new bill.

At the *December* term, 1850, an amended bill of revivor was filed. In this year, the name of *Robert Fleming* appears as clerk, and of *John G. Walpole* as a solicitor. *Franklin P. Randall*, Esq., had come into the cause at an earlier date, on the part of the defense.

At the *May* term, 1851, the heirs of *Lewis G. Thompson* applied to be admitted as defendants in the suit; and at the *August* term of that year, they were admitted. *Robert Brackenridge*, Esq., came in as their solicitor, and .

they were admitted under the administration of the Hon. *Elijah A. McMahan*, who had then ascended the circuit bench.

At the *March* term, 1855, the complainant obtained leave to amend his bill.

At the *May* term, 1855, being an adjourned term, the cause was submitted to the Court, and there was a finding and judgment for the plaintiff for 112 dollars, 18 cents, with costs in favor of the defendant.

The plaintiff moved for a new trial, which was overruled.

At the *February* term, 1855, a motion for a rehearing was denied, and an appeal to the Supreme Court was prayed and granted. It was submitted here in *May*, 1859.

The evidence is not upon the record; no exception was taken during the progress of the cause, and no question is presented here for decision.

It but remains, therefore, for this Court to affirm the judgment of the Circuit Court, and thereby send this not very important but still venerable cause, which has come down to us, through many accidents and much tribulation, from a former generation and a different system of judicial procedure, to its final resting place.

*Per Curiam.*—The judgment is affirmed with costs.

*D. H. Colerick*, for the appellant.