THE LAKE ERIE AND WESTERN RAILROAD COMPANY
v. GOULD.

[No. 2,231. Filed October 14, 1897.]

SPECIAL VERDICT.—*Instructions.—Harmless Error.*—Where a special verdict has been ordered returned by the jury, it is improper for the court to instruct the jury generally upon the law of the case, but the giving of such instructions is not reversible error. *pp. 277, 278.*

EVIDENCE.—*Fires Escaping from Railroad.*—In an action against a railroad company for damages caused by fire escaping from its right of way, evidence of other fires on the same day, set out by the same train, is admissible as going to show a careless operation, or faulty construction of the locomotive which set out the fire. *p. 279.*

From the LaPorte Circuit Court. *Affirmed.*

*Mortimer Nye, W. E. Hackedorn* and *John B. Cockrum,* for appellant.

*Benjamin F. Shively* and *O. M. Cunningham,* for appellee.

HENLEY, J.—Appellee began this action in the lower court to recover damages growing out of the destruction of his property by fire. The complaint is in two paragraphs. The first paragraph charges the appellant with negligence in allowing dry grass, weeds, and other combustible material to accumulate and remain on its right of way; that the same was set on fire by one of appellant's locomotives, and the fire so ignited was negligently permitted to escape from the right of way to appellee's premises, and there burned and destroyed appellee's property. The second paragraph of the complaint is in all things similar to the first, except that the negligence of the appellant, as therein charged, was that appellant carelessly and negligently ran its locomotive on its railroad adjacent to appellee's premises; that said locomotive was so negligently and carelessly constructed, equipped, and managed that it emitted and threw out large sparks and coals of fire, and that appellant permitted said locomotive so negligently to throw out said large sparks and coals of fire, and that the said sparks and coals of fire alighted upon appellee's adjacent premises, and set fire to and burned the property of appellee as described in the complaint. Freedom from fault on the part of appellee is alleged in both paragraphs of the complaint.

A demurrer was overruled to both paragraphs of the complaint. An answer was filed, putting the cause at issue. There was a trial by jury, and a special verdict returned. Both parties moved for judgment upon the special verdict. Appellee's motion for judgment was sustained, and that of appellant overruled. Appellant then filed its motion for a new trial, which was overruled.

We will pass upon the errors complained of by counsel for appellant in the order in which they are dis-

cussed. It is argued at great length that the court erred in instructing the jury, generally, as to the law of negligence as applicable to this case; that the jury were permitted to take to the jury room with them the instructions so given, to aid them in making up the answers to the interrogatories of the special verdict, which the court had, at the request of both parties to the action, ordered the jury to return; that the jury with the charge of the court before it, at the time of its consideration of the facts, was advised as to what facts it would be necessary that it should find in order to render the appellant liable. The law as announced in the instructions given is not questioned. The fact that the court placed in the hands of the jury the key with which to solve the problem of appellant's liability is the error which counsel for appellant insist is sufficient to reverse the judgment of the lower court.

The appellate courts of this State have uniformly held that the giving of instructions generally as to the law of the case was improper and ought not to be done in cases where the jury had been ordered to return a special verdict. See *Town of Kentland* v. *Hagen*, 17 Ind. App. 1; *Indiana, etc., R. R. Co.* v. *Lynch*, 145 Ind. 1; *Board, etc.,* v. *Bonebrake*, 146 Ind. 311; *Louisville, etc., R. W. Co.* v. *Frawley*, 110 Ind. 18; *Woollen* v. *Wire, Admr.*, 110 Ind. 251; *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582.

In the case of *Louisville, etc., R. W. Co.* v. *Frawley*, *supra*, the Supreme Court, speaking by Mitchell, J., said: "Considerable space is devoted to a discussion involving the propriety of certain instructions asked on appellant's behalf and refused by the court, as also to certain of the instructions given by the court of its own motion. It will be remembered that the jury, upon request of the parties, as appears by the record, returned a special verdict. When such a request is

made it becomes the duty of the jury to return the material facts which they find to have been proved, to the court, without any regard to the legal value or ultimate consequences of such facts. It then becomes the duty of the court to declare the law upon the facts returned.

"There is, therefore, neither propriety nor fitness, that the court should, either upon its own motion or at the request of either party, give any general instructions as to the law of the case. The jury should be left entirely free to find the facts material to the several issues, without instructions as to whether the law will declare one way or the other, upon any fact or state of facts which may be found. A statement by the court of the matters put in issue by the pleadings, and of the rules for weighing or reconciling conflicting testimony with whatever else may be necessary to enable the jury clearly to comprehend the subjects which are to be covered by their special verdict, is all that is proper when a special verdict is to be returned. * * *

"Obviously, therefore, there was no error in refusing the instructions asked, and if any were given which were inaccurate, since the error, if any was committed, must have been in any event harmless, we do not examine them."

It will be seen, upon examination of all the cases heretofore cited, that the practice of giving instructions generally upon the law applicable to the case, in cases where a special verdict has been ordered returned by the jury, has been uniformly condemned by the courts of this State, but the same cases as uniformly hold that the giving of such instructions is harmless error, for which a cause will not be reversed.

The special verdict returned by the jury in this cause finds fully all the facts necessary to appellee's recovery upon the first paragraph of his complaint,

and the lower court committed no error in sustaining appellee's motion for judgment in his favor upon the special verdict.

There was some evidence outside of the evidence of appellee from which the jury could have found all the facts necessary to establish appellee's claim. It appears that prior to the commencement of this action appellee had made a sworn statement to appellant's agents as to the loss of his property, and the manner in which the same occurred. That in this statement appellee had, said that the fire which destroyed his property did not originate upon the right of way of appellant, but originated upon his (appellee's) property. Upon the receipt of the sworn statement, appellant naturally refused to settle the claim. Appellee, at the trial of the cause, testified that the fire which destroyed his property originated upon the right of way of appellant. The sworn statement of appellee above referred to was introduced in evidence. This should have seriously affected appellee's credibility as a witness, but it could have no other or different legal effect.

Appellant complains of the admission of the evidence of appellee, wherein he was permitted to testify to other fires on the same day set out by the same train. This would not be competent evidence as to where this fire originated, whether upon appellant's right of way, or upon appellee's premises, but we think it admissible as going to establish some of the material averments of appellee's second paragraph of complaint. It would be competent as going to show either a careless operation, or faulty construction of the locomotive which set out the fire which destroyed appellee's property. Again, it might be said that the admission of the evidence objected to did not in any manner harm appellant, because the material facts

which the evidence tended to prove were found by the jury in appellant's favor.

Appellant's motion for judgment upon the special verdict as to the second paragraph of complaint was rightly overruled. The section of the statute cited by appellant (section 578, Burns' R. S. 1894) could not apply in this case, there being neither co-plaintiffs nor co-defendants.

We find no error in the record for which the judgment could be reversed. Judgment affirmed.