## WORKING *v.* GARN ET AL.

[No. 18,088. Filed October 15, 1897.]

APPEAL AND ERROR.—*Record.*—*Affidavit Presumption.*—Where the record discloses that an affidavit was filed in response to a motion made by an adverse party to strike from the files an answer filed

by such party, and such affidavit is not brought into the record, it will be presumed on appeal that the facts stated in such affidavit supported the ruling made by the court on such motion.  *p. 548.*

PARTIES.—*Examination of Before Trial.—Notice.—Refusal.—Effect. —Practice.—Statute Construed.*—The right to examine a party to a suit prior to the trial, under section 517, *et seq.*, Burns' R. S. 1894, is given upon notice to "the party to be examined and any other adverse party," and an answer of a party should not be stricken 'from the files on account of refusal to appear and submit to such examination, where a party, adverse to the examining party, was not notified of such examination.  *pp. 548, 549.*

TRIAL.—*Admission of Evidence After Submission of Cause.—Practice.* —The rule in applications for new trials on account of newly discovered evidence, that such application must overcome the presumption that a proper effort would have produced the evidence at· the trial, is applicable to a motion to permit the introduction of additional evidence after the submission of the cause and before the finding.  *p. 550.*

NEW TRIAL.—*Surprise.—Newly Discovered Evidence.—Statute Construed.*—The fact that an adversary party produces evidence not anticipated is not such surprise as is contemplated by section 568, Burns' R. S. 1894, providing that a new trial may be granted for "surprise which ordinary prudence could not have guarded against."  *p. 551.*

EVIDENCE.—*Weight Of.*—This court will not weigh the evidence for the purpose of determining conflicts therein.  *p. 552.*

FRAUDULENT CONVEYANCES.—*Husband of Grantor.—Good Faith Of.* —A deed cannot be set aside on the ground of lack of good faith on the part of grantor's husband.  *p. 552.*

From the Marshall Circuit Court.  *Affirmed.*

*J. D. McLaren, George W. Holman, E. C. Martindale* and *J. H. Bibler,* for appellant.

*Samuel Parker, M. L. Essick* and *Julius Rowley,* for appellees.

HACKNEY, J.—The appellant sued the appellees to set aside a conveyance of real estate as fraudulently made by Rebecca Garn, her husband joining.  The trial resulted in a special finding, with conclusions of law and judgment against the appellant.

The appellant, prior to the trial, sought an examination of the several appellees pursuant to section 517, et seq., Burns' R. S. 1894. Rebecca Garn and Minnie Hawkins, wife of the grantee, did not appear for examination, and William H. Hawkins, the grantee, and John W. Garn appeared for examination, but, under the advice of counsel, declined to answer certain of the questions propounded to them by counsel for appellant. This failure to appear, and refusal to answer was made the basis of a motion by the appellant to strike from the files the answers of the several parties named, and that motion was overruled as to Mrs. Garn and William H. Hawkins, and was sustained as to John W. Garn and Mrs. Hawkins. Error is here alleged in the overruling of said motion as to Mrs. Garn and William H. Hawkins. The record discloses that in response to this motion, an affidavit of Mrs. Garn was filed and considered by the lower court, but that affidavit is not brought into the record, and we have no means of knowing the facts it contained and upon which the lower court acted. It is our duty to presume that the facts stated in the affidavit supported the ruling of the lower court, and that no error was committed. Huffman v. Copeland, 86 Ind. 224. One effect claimed for the affidavit was to disclose the want of notice to Mrs. Garn of the proposed examination. Presuming such to have been the effect of the showing, the right to take the examination of any defendant did not exist, and no error was committed in refusing to strike out the answers of either Mrs. Garn or Mr. Hawkins. Smith, Admr., v. Smith, 80 Ind. 267. The right to examine is given upon notice to "the party to be examined and any other adverse party," section 518, Burns' R. S. 1894, and the case cited holds that an answer by one should not be stricken from the files for a refusal to answer ques-

tions submitted upon examination, if one of the parties adverse to the examining party has not been notified. The ruling of the court, therefore, must be upheld, both as to Mrs. Garn and Mr. Hawkins.

It is next claimed that the trial court, in overruling appellant's motion, made after the submission of the cause and before the finding was made, to permit the introduction of additional evidence, committed an error. The evidence said to exist was that of one Baker, an attorney for the grantor and grantee in the making of the deed in question, and was to the effect that it had been agreed between the grantor and grantee, at the time the deed was executed, that money claimed to represent the consideration for the conveyance, but in fact borrowed and used to simulate a *bona fide* transaction, should be paid at a public banking house and thereby make evidence to support the conveyance; that a bill of sale of personal property, made by Mrs. Garn to Hawkins and dated as of the date of the deed, had been written a considerable time after the deed was written, and had been dated back to correspond with the date of the deed. The latter proposition did not involve an issue in the case, but was offered as a contradiction of testimony given by a witness, who, at the dates of the transaction, was the law partner of said Baker, and whose testimony was to the effect that the bill of sale had been executed on the day of the execution of the deed.

Several objections to the admissibility of the offered evidence have been discussed, that the witness held the information in the capacity of an attorney, and that it was therefore privileged; that the portion relating to the bill of sale was collateral; that no diligence was shown to obtain the evidence at the trial, and other objections. If we should go so far as to hold the evidence not privileged, it would not be de-

nied that diligence to procure it at the trial was indispensable to the appellant's motion. *Bowman* v. *Clemmer*, 50 Ind. 10; *Hamm* v. *Romine*, 98 Ind. 77; *Allen* v. *Bond*, 112 Ind. 523; *Pemberton* v. *Johnson*, 113 Ind. 538; *Morrison* v. *Carey*, 129 Ind. 277; *Pfaffenback* v. *Lake Shore, etc., R. W. Co.*, 142 Ind. 246.

In motions for new trials for newly discovered evidence the presumption is that a proper effort would have produced the evidence at the trial, and the motion must overcome this presumption by showing diligence free from any delinquency. It was known at the trial that Mr. Baker had participated in the transactions in question, and the motion does not attempt to give any effort to procure the desired information from him, nor to excuse the failure to make such effort. No reason exists for applying to this case a rule differing from that prevailing as to motions for a new trial as we have stated it, and, if the proposed evidence was competent, it should have suggested itself to the appellant at the trial. The presumption against diligence was not overcome, and the court did not err in denying the motion.

Counsel for appellant next criticise the statement of the trial court as a conclusion of law upon the special finding of facts. The criticism, for it is not an argument, is that the conclusion is not one of law, but is the mere statement of an ultimate fact. The statement is that, "Upon the foregoing facts the court concludes the law to be that the deed executed to the said William H. Hawkins by the said Rebecca Garn and John Garn, her husband, on November 14, 1889, for the land described in the complaint, is not fraudulent and void, but is *bona fide* and valid." While the existence of fraud is a question of fact and not one of law, the conclusion of law need not embody a proposition of law, but may be stated generally or specially as the

conclusion which, under the facts found, is required by the law. A conclusion in this case that the law was with the defendants would have been sufficient. It not infrequently occurs that a statement of fact can not be made without including a conclusion, and as often a conclusion, though one of law, must be stated in the form in which a statement of fact is made. Omitting, even if necessary, the statements that the deed was not fraudulent, it was stated not to have been void, but to have been valid, a sufficient statement of the conclusion required by the law.

The finding is criticised also in its failure to state the ultimate fact, that the deed was not executed in fraud of creditors. This criticism is only to condemn the appellant's exceptions to the conclusions of law, since the burden rested upon her to show the fraud, and the failure of the court to find it would be regarded as appellant's failure to discharge that burden.

One ground of the motion for a new trial was that appellant was surprised at the evidence concerning said bill of sale, the character of which evidence we have already shown, and another ground was the alleged newly discovered evidence of Baker, already referred to. "Surprise, which ordinary prudence could not have guarded against," is a statutory ground for a new trial, section 568, Burns' R. S. 1894, but the fact that an adversary produces evidence not anticipated is no such surprise as is contemplated by the statute. A plaintiff, it has been held, cannot claim surprise at the defendant's evidence, since he may avoid an adverse finding by dismissing his action, which he may renew. *Cummins* v. *Walden*, 4 Blackf. 307; *Helm* v. *First National Bank*, 91 Ind. 44. And one who would secure a new trial for surprise and newly discovered evidence must use diligence to avoid surprise and to procure the evidence before the trial. *Lockwood* v. *Rose*, 125

Ind. 588; *State* v. *Bottorff*, 82 Ind. 538; *Reno* v. *Robertson*, 48 Ind. 106. We have already shown that no proper diligence was used to procure the evidence alleged to have been newly discovered.

It is insisted further that the findings of the court are contrary to and not supported by the evidence. There was evidence fully supporting the findings, and we have no power to weigh the evidence merely to determine conflicts.

It is argued incidentally that the action of the court in striking out the answer of John Garn, for failure to give evidence upon his examination before the trial, and in adjudging the complaint confessed as to to him, rendered the deed of Mrs. Garn void for the want of power to convey by deed in which her husband was not a valid grantor. The good faith of John Garn was not essential to the validity of the deed, and his having joined his wife in the deed answered the requirements of the statute. As to John Garn, the deed was, by his default, rendered invalid so far as the appellant was concerned. It was not invalid as between Mrs. Garn and Hawkins by reason of a failure of John Garn to join, nor by reason of the default of John Garn.

We find no error in the record, and the judgment is affirmed.