HAMILTON v. HANNEMAN.

[No. 2,460.   Filed April 20, 1898.]

INSTRUCTIONS.—*Repetition of Instructions.*—Where a proposition of law is clearly and fully covered by an instruction it is not error to refuse an instruction covering the same proposition.  *p. 20.*

SAME.—*Directing Verdict.*—It is within the province of the court to direct a verdict by instructions only where there is a total absence of evidence upon some essential issue, or where there is no conflict, and the evidence is susceptible of but one inference.  *pp. 20, 21.*

EVIDENCE.—*Weight of.*—Where there is some evidence to support the

Hamilton v. Hanneman.

judgment the Appellate Court will not weigh the evidence or dis-
turb the judgment.   *p. 22.*

APPEAL AND ERROR.—*Failure to Discuss Error Assigned.—Waiver.*
—The failure to discuss error assigned amounts to a waiver of such
error.   *p. 22.*

From the Marion Circuit Court.   *Affirmed.*

*J. E. McCullough* and *H. N. Spaan*, for appellant.

*John M. Bailey*, for appellees.

WILEY, J.—Appellant was plaintiff below, and com-
menced an action in replevin before a justice of the
peace, against appellee.   He gave the necessary bond,
the goods and chattels were seized by the constable
under the writ, and the possession thereof delivered
to the appellant.   In the justice's court, trial was had
before a jury, resulting in a verdict and judgment for
the appellee.   Appellant appealed to the circuit court,
where it was tried by a jury, resulting in a verdict for
appellee, but the verdict was set aside and a new
trial granted.   On the second trial, in the circuit
court, the jury again returned a verdict for appellee,
and over appellant's motion for a new trial, judgment
was pronounced on the verdict in favor of appellee.
The only error assigned is the overruling of the motion
for a new trial.   The motion for a new trial was
based upon the following reasons:   (1) That the ver-
dict was contrary to the evidence; (2) that the verdict
is not sustained by the evidence; (3) that the verdict
is contrary to law; (4, 5, 6) that the court erred in
giving and in refusing to give certain instructions; (7,
8, 9) that the court erred in admitting certain evidence
over appellant's objections.

The record shows that appellee is a married woman,
and that on September 15, 1893, she borrowed of one
Wilson $50.00, for which she gave her note for $57.50,
due in thirty days, and secured the payment thereof

by a mortgage on household goods, etc. She made payments on this note from time to time, until July 17, 1894, when she was informed by said Wilson that there was still due the sum of $55.00, and that she would have to give a new note and mortgage for that amount in lieu of the former one, and that if she would do so, he would surrender the old note and release of record the old mortgage. She accordingly executed an additional note for $55.00, due in thirty days, and secured its payment by a chattel mortgage covering the same property as that embraced in the first mortgage. Before the maturity of the second note, which was payable in bank, Wilson assigned it to appellant, for which appellant is alleged to have paid $53.00. When the note became due, appellant notified appellee that he held it, and that she must pay it. She called on him in response to said notice and told him she could not pay it all; that she had paid on said indebtedness over $70.00 and that the note was given without any consideration. After this she made payments to the appellant, six in all, in the sum of $33.00 and refused to pay any more.

The property mortgaged was of the value of about $100.00. On her refusal to pay any additional sum, appellant commenced this action, and claims ownership and possession of the property described in the mortgage, by virtue of a provision therein, that in default of payment, the property should vest absolutely in the mortgagee, and he should have the right to the possession thereof.

The issue tendered by appellee was (1) general denial, and (2) that before the note sued on was given she had overpaid the original note of $57.50, in that she had paid over $70.00 thereon; that Wilson fraudulently represented to her that there was still due $55.00, and that if she would give a new note for that

Hamilton *v.* Hanneman.

amount and secure it by mortgage, he would accept it in lieu of the old note, etc., and release of record the original mortgage; that relying thereon she executed the note and mortgage in suit; that the same was given without any consideration, and that appellant knew said facts when he took an assignment of said last note.

Appellant contends that he was an innocent, *bona fide* purchaser, for value, and that the record does not contain any evidence to the contrary. The note was payable in a bank of this State.

True there is no direct and positive evidence in the record, to the effect that appellant knew the facts relating to the transaction, and as set up in the answer, but there are circumstances, conditions, facts and surroundings disclosed by the evidence and record, from which the jury might reasonably infer that appellant was not an innocent purchaser, and that he had knowledge of the facts.

We will now briefly examine the instructions given and refused, of which appellant complains. Appellant tendered two instructions which the court refused to give. In the first one, the court was requested to instruct the jury that there was no direct evidence that appellant knew that there was any defense to the note, or that he purchased it other than in good faith; that the circumstances which would justify such inference must be pointed and emphatic, and must lead directly and irresistibly to the conclusion, etc., and that circumstances calculated to awaken suspicion merely are not sufficient.

The second instruction asked by appellant was as follows: "There is no sufficient evidence in this case tending to show that the plaintiff was not a purchaser in good faith before maturity of the note claimed to have been purchased by him of Wilson, and in arriv-

ing at your verdict in this case, you should consider the plaintiff a *bona fide* holder and purchaser of said note."

Appellant's insistence that it was reversible error to refuse to give these instructions cannot be maintained. While the first instruction may properly have stated the law as to the facts, yet there was no error in refusing to give it, because the court, in its own instructions covered the exact questions there presented. True, the court stated the law in different language than counsel for appellant put it, but as it was correctly stated, the appellant was not harmed by refusing the instruction tendered by him. Where the jury is once fully and clearly instructed upon a given point, the court is not bound to repeat the instructions in different language. *Chicago, etc., R. R. Co. v. Boggs,* 101 Ind. 522, 51 Am. Rep. 761.

The Supreme Court in many cases have held that where a proposition of law is once fully and clearly stated to the jury, it need not and ought not to be repeated in subsequent instructions. *Union Mutual Life Ins. Co.* v. *Buchanan,* 100 Ind. 63; *Turner* v. *State,* 102 Ind. 425; *Louisville, etc., R. W. Co.* v. *Falvey,* 104 Ind. 409; *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551.

And it follows that it is not error to refuse to give an instruction, which in another form, had been substantially given. *Logan* v. *Logan,* 77 Ind. 558; *Williamson* v. *Yingling,* 93 Ind. 42; *Conradt* v. *Clauve,* 93 Ind. 476, 47 Am. Rep. 388; *Barnett* v. *State,* 100 Ind. 171; *Cline* v. *Lindsey.* 110 Ind. 337; *Stephensen* v. *State,* 110 Ind. 358; *Louisville, etc., R. W. Co.* v. *Wright,* 115 Ind. 378; *Delhaney* v. *State,* 115 Ind. 499; *Staser* v. *Hogan,* 120 Ind. 207.

The court correctly refused the second instruction tendered by appellant, for it clearly invaded the

province of the jury. The instruction plainly says to the jury that there was no evidence of any character that appellant was not a purchaser in good faith of the note in question, before maturity, and that arriving at their verdict they should consider the appellant a *bona fide* purchaser and holder of the note. This instruction, in substance, directed the jury to return a verdict for appellant. It was a palpable invasion of the right of the jury on a question of fact, and the court correctly refused to give it. It is within the power of the trial court to control or direct a verdict by instructions, only where there is a total absence of evidence upon some essential issue, or where there is no conflict, and the evidence is susceptible of but one inference. *Vance* v. *Vance*, 74 Ind. 370; *Adams* v. *Kennedy*, 90 Ind. 318; *City of New Albany* v. *Ray*, 3 Ind. App. 321.

As to the instructions given to the jury by the court on its own motion, we are unable to find any reversible error in them. After a careful consideration of them as a whole, we have arrived at the conclusion that they fairly, clearly, and fully state the law applicable to the facts.

It appears very much to us, from all the facts and circumstances, as disclosed by the record, that appellant and Wilson got appellee in their grasping clutches and were after the last "pound of flesh." Appellee mortgaged her household effects to secure the payment of $50.00, borrowed of Wilson as her "lawful agent." She paid and caused to be paid at least $94.00, about which there is no dispute, being $44.00 more than the amount borrowed, and yet appellant insists that there is an unpaid balance of $22.00, in default of the payment of which, he became the owner and entitled to the possession of the mortgaged property; so to hold, under the facts in the

case, would be a license to money lenders and pawn-brokers, to plunder those within their power, and uphold their actions in the name of the law. Both appellant and Wilson were engaged in loaning money on chattel mortgage security, and their offices were in close proximity to each other.

After three juries, with the witnesses and all the facts before them, have passed upon the facts and resolved them in favor of appellee; and after the trial court, with the same knowledge and opportunities, has by its deliberate judgment said that the verdict was just and should stand, we do not feel at liberty to disturb the judgment on the facts.

Where there is some evidence to support the judgment, the appellate tribunal will not weigh the evidence or disturb the judgment. And, as we have said, there are facts and circumstances upon which the jury might have and doubtless did found their verdict, and hence we cannot review their action. Citation of authorities upon this proposition is wholly unnecessary.

One of the reasons assigned for a new trial was that the court erred in admitting certain evidence over appellant's objections. If this was error it is waived by failure to discuss it. We find no reversible error in the record, and the judgment is affirmed.