PERRIN NATIONAL BANK ET AL. *v.* THOMPSON.

[No. 2,506. Filed May 13, 1898. Rehearing denied Oct. 4, 1898.]

APPEAL.—*Review of Conflicting Evidence.*—Where the evidence is conflicting the verdict of the jury will not be disturbed on appeal. *p. 653.*

INSTRUCTIONS.—*Special Verdict.*—*Harmless Error.*—Where the jury is instructed to return a special verdict the giving of general instructions is harmless error. *p. 658.*

From the Tippecanoe Circuit Court. *Affirmed.*

*R. P. Davidson* and *D. E. Storms*, for appellants. *John F. McHugh*, for appellee.

HENLEY, J.—This action grew out of an alleged deposit of $200 made by the appellee with the appellant.

It was contended by the appellant that the deposit made by the appellee was $20 and not $200, and that credit only to the amount of $20 was given appellee when the said deposit was made.

The complaint is in three paragraphs. The first paragraph charges that appellant is a national bank, and a bank of discount and deposit, and that on the 19th day of December, 1892, appellee became a depositor in said bank, and thereafter from time to time he deposited various sums of money with the appellant, and from time to time issued his checks against the same; that on January 15, 1895, he deposited with the appellant the sum of $200, but that appellant entered the same as $20 and that appellant now claims that appellee only deposited said sum of $20 on that day, and that said claim so made by appellant is unjust, and that there is due and owing from appellant to appellee for money so deposited, and not repaid to him, the sum of $200. The transcript of appellant's account with appellee, showing the amounts deposited, and the amounts checked out, and the balance alleged to be due appellee, is filed with this paragraph of complaint and made a part thereof. It is further alleged in said first paragraph of complaint that appellee, before the beginning of this action, duly demanded the amount alleged to be due him of the appellant, who declined and refused to pay the same; that the $200 with interest is due and unpaid.

It is charged in the second paragraph of complaint that at various times between the 19th day of December, 1892, and the 11th day of September, 1895, the appellant received the sum of $2,000 from the appellee for the use and benefit of the appellant; that afterwards, and before the beginning of this action, appellee demanded payment thereof from the appellant, and that there was at the time of such demand,

and is now due and owing appellee from appellant, the sum of $200, for which judgment is demanded. *

The third paragraph of appellee's complaint charges that appellant is indebted to appellee in the sum of $200 for money had and received from appellee by appellant for the use and benefit of appellant, which sum is now due and unpaid. To this complaint the appellant answered by general denial. The cause was submitted to a jury for trial, and upon the request of appellant's counsel, the court ordered the jury to return a special verdict. The special verdict so returned was one governed by the act of 1895, and is in the form of interrogatories and answers thereto. Both parties to this action moved for judgment upon the special verdict. The motion of appellee was sustained, and judgment rendered in his favor. Appellant moved for a new trial, which motion was overruled, and an appeal prayed to this court.

Appellant assigns as error: (1) That the complaint does not state facts sufficient to constitute a cause of action against appellant; (2) that the first, second, and third paragraphs of complaint, and each of them, do not state facts sufficient to constitute a cause of action against appellant; (3) the overruling of appellant's motion for judgment upon the special finding and verdict of the jury; (4) sustaining appellee's motion for judgment upon the special findings; (5) overruling the motion in arrest of judgment; (6) overruling motion for a new trial.

It is found by the jury in the special verdict in this cause, that appellant is a national bank, duly incorporated under the laws of the United States; that on the 15th day of January, 1895, and prior thereto, it was a bank of discount and deposit; that appellee was at said time a depositor in said bank and had, between the 19th day of September, 1892, and the 11th

day of September, 1895, deposited various sums of money in said bank, and had during such time from time to time checked against such deposits, and that he had, on the 15th day of January, 1895, deposited in said bank the sum of $200, and that the said bank did on that day enter such deposit on the deposit book of appellee as $20 and not as $200, and that the difference between $200 and $20, to wit, $180, has never been paid to the appellee by said appellant bank, and that the same is now due and owing appellee from the appellant, and was so due on the 16th day of November, 1895, at the time of the commencement of this action, and that appellee on the 13th day of November, 1895, before the commencement of this action, demanded of the appellant payment of the said •sum of $180, which amount was due with interest, at the time of the commencement of this action; that the claim of appellant that appellee only deposited $20 in said bank on the 15th day of January, 1895, is incorrect, and that the appellee's claim that he deposited in appellant's bank the sum of $200 is true.

It is further found that the appellee deposited with the appellant, between the 19th day of September, 1892, and the 11th day of September, 1895, $2,000 or more, and that there is now due and owing to appellee on account of such deposits, the sum of $180; that between said last mentioned dates appellant received of appellee, for the use and benefit of appellant, moneys aggregating more than $2,000, and that of such sum so received there is now due and owing to and unpaid to appellee the sum of $180, and that such sum should bear interest at the rate of six per centum per annum from the 13th day of November, 1895. It will thus be seen that the jury found in favor of appellee upon every question of fact neces-

sary to sustain each paragraph of his complaint. The answers are complete, clear, and conclusive. Upon the special findings so returned, the lower court could not have done otherwise than render judgment in favor of appellee.

As to the evidence, which is properly in the record in this cause, we have very carefully examined it, and while under the strict rules of business generally obtainable in banks, it would seem impossible that a mistake of as much as $180, or even of any amount could occur, and at the same time the books of the bank balance, and show no discrepancy whatever, yet the evidence is contradictory, the bank officials testifying that on the day the deposit in dispute was received, appellee only deposited $20, and that the books on the evening of that day showed no discrepancy, but balanced to a cent. The evidence of appellee was positive to the effect that on the day mentioned, he deposited $200 and that immediately on finding that the bank had given him credit but for $20 he notified them, and asked that the amount be corrected in his pass book, and that instead of being credited with $20 he be credited with $200. He was corroborated by another witness and by some circumstances which appear in the case. From our examination of the evidence, we cannot say that the jury was not justified in returning the facts as they have returned them. The evidence is so conflicting that we cannot disturb the finding of the jury thereunder.

It is next contended by counsel for appellant that the court erred in giving certain instructions to the jury. It is not necessary that we discuss the instructions complained of. It has often been held by this court and by the Supreme Court of this State, that the giving of general instructions to the jury, where they

are directed to return a special verdict, is improper, but that it is harmless error. *Lake Erie, etc., R. R. Co. v. Gould,* 18 Ind. App. 275. The record in this cause presents no error for which this court could grant any relief to appellant. The judgment is affirmed.