## BACHMAN *v.* COOPER.

[No. 2,458.    Filed May 17, 1898.]

PRACTICE.—*Interrogatories to Jury.*— The time during the trial in which the request for answers to interrogatories to the jury shall be made is largely within the discretion of the trial court, and unless there is a clear abuse of discretion the action of the court will not be disturbed.  *pp. 174-176.*

EVIDENCE.—*Weight Of.*—*New Trial.*—Where the evidence is conflicting, and there is some evidence to support the verdict, and the trial court has overruled a motion for a new trial asked because the verdict is not sustained by sufficient evidence, the action of the trial court is conclusive upon this court.  *pp. 176, 177.*

PRACTICE.—*Setting Aside General Verdict.*—Where the facts found by answers to interrogatories were entirely inconsistent with the general verdict, and such facts were sustained by the evidence, no error was committed by the trial court in disregarding the general verdict and rendering judgment on the answers to the interrogatories.  *p. 177.*

From the Marion Circuit Court.  *Affirmed.*

*Charles Martindale*, for appellant.

*F. Winters, C. M. Cooper* and *Harding & Hovey*, for appellee.

ROBINSON, C. J.—Appellant brought this action against appellee, a director of a manufacturing com-

pany, to collect a statutory penalty for the violation of the provisions of the manufacturing and mining law. The complaint charges that the statute was violated, in that there was a failure to collect in the capital stock within eighteen months after the incorporation, and that by reason of such failure the corporation became insolvent, and that such omissions and violations were ordered and assented to by appellee as a director of such company, and that after such violations such company became indebted, in sums named, to appellant which said indebtedness is due and unpaid. One of the provisions of the statute is that the capital stock as fixed by the company shall be paid into the treasury thereof within eighteen months from the incorporation of the same. Section 5060, Burns' R. S. 1894. The section on which this action is based, 5076, Burns' R. S. 1894, provides that, "If any company organized and established under the authority of this act, and of the act of which this is supplementary, shall violate any of the provisions thereof, and shall thereby become insolvent, the directors ordering or assenting to such violation shall jointly and severally be liable, in an action founded on said acts, for all debts contracted after such violation as aforesaid." The jury returned a general verdict in appellant's favor and also returned answers to interrogatories. Appellant's motion for a new trial was overruled, and judgment rendered in appellee's favor on the answers to the interrogatories.

It is argued that the interrogatories were not properly submitted because no request in writing was made before the introduction of the evidence. The act of March 11, 1895, did not change the law as it then existed, giving the right to a party to have the jury find upon a part only of the material facts, but left the law in that respect substantially as it was

prior to the passage of that act. *Bower* v. *Bower*, 146 Ind. 393. So that the question here is to be determined without reference to that act.

It appears from the bill of exceptions that after the evidence had closed and before the argument was begun, counsel for appellee said, "We desire to present interrogatories to the jury, have not yet reduced them to writing, and will ask a few moments time for that purpose;" that thereupon the court suggested that the argument might proceed while counsel prepared the interrogatories, if counsel for appellant did not object, and that counsel for appellant could comment on them in his closing argument, to which counsel for appellant replied, "Very well, I will proceed." and made his opening argument; it further appears that the interrogatories were filed before the closing argument, were submitted to appellant's counsel before the closing argument, and were used and commented on by him in his closing argument and were submitted to the jury by the court without any objection. As appellant did not object and except to the action of the court at the time, but substantially agreed to the submission of the interrogatories, the error, if one was committed, is not now available to appellant. Nor is the right to submit interrogatories to the jury after the evidence is closed a question which goes to the jurisdiction of the subject-matter, and one which, therefore, would not be waived by a failure to object. The statute, section 555, Burns' R. S. 1894, does not designate the time when, during the trial, the request for answers to interrogatories shall be made, nor does the statute require that they be submitted to the opposite party. It is a matter necessarily largely within the discretion of the trial court and unless there is a clear abuse of discretion the action of the court will not be disturbed. Thus, in

*Sherfey, Admr.,* v. *Evansville, etc., R. R. Co.,* 121 Ind. 427, interrogatories were submitted before the commencement of the argument, and during the closing argument counsel took the interrogatories, filled certain blanks, and added two others to the list, and returned them to the court without calling the attention of the opposing counsel to the fact, and the court submitted them to the jury to be answered, it was held that it was within the discretion of the court to submit them to the jury and require them to be answered, if presented after the argument is in progress. See, also, *Stockwell* v. *Thomas,* 76 Ind. 506; *Kopelke* v. *Kopelke,* 112 Ind. 435.

The answers to the interrogatories show that in July, 1889, the D. E. Stone Furniture Company was incorporated with a capital stock of $50,000.00; that the entire capital stock was issued to a number of persons named, among them appellee, who paid the company the full face value of his stock; that appellee first became a director of the company in January, 1890; that during the time appellee was a director a part of the stockholders were insolvent so that the amounts unpaid upon their stock could not have been collected by process of law, and during said time all the other stockholders were solvent, and their unpaid stock collectible; that while appellee was a director all the other directors, who owned a large majority of the stock and who had not paid the same in full, were insolvent; that there was never a time while appellee was director when he could have procured a majority of the board of directors to have taken action to collect from the delinquent stockholders the amount due from them for stock, that appellee never ordered or assented to the failure of the company to collect the full amount due upon the stock it had issued.

It is argued that the verdict is not sustained by suf-

ficient evidence.   The burden was upon appellant to show, among other things, that the capital stock of the corporation was not paid into the treasury of the company within eighteen months from the incorporation, and that thereby the corporation became insolvent and that appellee was at such time a director and in such capacity ordered or assented to the noncollection of said capital stock.   The evidence upon this question was conflicting, and was left to the jury under proper instructions.   This court cannot weigh the evidence.   Where the evidence is conflicting and there is some evidence to support a verdict, and the trial court has overruled a motion for a new trial asked because the verdict is not sustained by sufficient evidence, the action of the trial court is conclusive upon this court.   *Deal* v. *State*, 140 Ind. 354.

No complaint is made of the instructions given to the jury by the court, and they were certainly as favorable to appellant as could have been asked.   The answers of the jury to the interrogatories are supported by some evidence.   The facts found in the answers to the interrogatories are entirely inconsistent with the general verdict.   The essential fact that the violation of the statute was ordered or assented to by appellee is negatived by the jury, and we cannot but conclude that the trial court did right in rendering judgment in appellee's favor upon the answers to the interrogatories notwithstanding the general verdict.   Judgment affirmed.