# KINGAN & COMPANY, LIMITED, ET AL. *v.* KING.

### [No. 21,777.   Filed February 20, 1913.]

1.  APPEAL.—*Waiver of Error.—Briefs.*—An assignment of error in overruling the demurrer to a complaint is waived where no objection to the sufficiency of such complaint is pointed out in appellants' brief.   p. 288.

2.  APPEAL.—*Record.—Evidence.—Real Evidence.*—It is not contemplated that articles such as iron pipes, guns, articles of clothing, etc., used in the trial of a cause, as illustrative and explanatory of parol evidence, shall constitute a part of the record on appeal, and they have no place in the transcript.   p. 288.

3.  APPEAL.—*Review.—Evidence.—Verdict.*—The court will not weigh the evidence on appeal, even though it is conflicting, if there is some evidence to sustain the verdict.   p. 288.

4.  MASTER AND SERVANT.—*Injury to Servant.—Instructions.—Invading Province of Jury.*—In an action by a servant who was injured by the explosion of a boiler tube, a requested instruction that in determining whether the tube was defective the jury could consider the fact, if it be a fact, that the tube was installed on or about the 14th of the month and continued in constant use thereafter until the explosion on the 29th under the same pressure of steam that it was subjected to at the time of the explosion, and if those facts be found, then the jury might find that it was not a defective tube, or, if defective, that the defect was unknown to defendants, was properly refused because it invaded the province of the jury in confining the question of determining the defect in the tube to the finding of whether it had withstood the pressure for the time stated, and in telling the jury that if it did withstand the pressure for the time stated, even though defective, such defect was unknown to defendants. p. 289.

5.  TRIAL.—*Deliberation by Jury.—Evidence.*—The jury should consider all the evidence introduced on any stated proposition in determining the truth of such proposition.   ·p. 290.

6.  MASTER AND SERVANT.—*Injury to Servant.—Instructions.*—In an action by a servant injured by the explosion of a boiler tube, an instruction that the fact, if it be a fact, that the tube was installed on the 14th of the month and was thereafter until the explosion on the 29th constantly under practically the same pressure of steam to which it was subjected at the time of the explosion, and that it successfully withstood such pressure, could be considered by the jury in determining whether the tube was defective, together with all the other evidence in the case, was

not improper on the theory that it authorized the jury to consider the evidence on the measure of damages in determining the question of defects.  p. 290.

7.  APPEAL.—*Review.—Instructions.—Presumptions.*—Where, in an action for injuries caused by the explosion of a boiler tube, the court instructed that, in determining whether the tube was defective, the jury could consider the use to which it had been put, together with all other evidence in the case, it will be presumed that the jurors were men of ordinary intelligence and that they understood that the instruction limited their consideration to the evidence relating to the condition of the tube in question. p. 290.

8.  TRIAL.—*Instructions.—Consideration.*—Instructions should be taken in the sense in which they would be understood by men of ordinary intelligence.  p. 291.

9.  APPEAL.—*Review.—Refusal of Instructions.*—The refusal of requested instructions is not error where they are covered by the instructions given.  p. 291.

10.  APPEAL.—*Review.—Misconduct of Counsel.—Failure to Object.* —No question is presented as to the alleged misconduct of counsel in argument, where no objection was made at the time, and no ruling of the court in relation thereto was assigned in the motion for a new trial, or assigned as error on appeal.  p. 291.

From Marion Circuit Court (17,229) ; *Charles Remster,* Judge.

Action by William E. King against Kingan & Company, Limited, and another.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*Miller, Shirley & Miller, William A. Ketcham* and *Ralph M. Ketcham,* for appellants.

*Donald Morris, James M. Ogden* and *Wymond J. Beckett,* for appellee.

ERWIN, J.—This was an action by appellee against appellants, Kingan & Company, and Tobin & Toole, commenced in the Marion Circuit Court of Marion County, on a complaint in one paragraph alleging injury to appellee by reason of a defective tube in the boiler of the appellant, Kingan & Company, which burst, February 29, 1908, and injured appellee.

The alleged negligence on the part of the defendants was,

that at the time one of the tubes in the lower part of the said boiler was installed, it was negligently constructed in this, that near one end of the said tube and running lengthwise therein a joint was not sufficiently welded for a distance of about five feet, that when it was constantly subjected to heat and the steam pressure used in said boiler it became weakened and burst; that the defect was known to defendants, or by the exercise of reasonable care, could have been ascertained by defendants, at and prior to the time the tube was so installed in said boiler; that the defective condition of said tube could have been discovered by said defendants after the same was installed in said boiler, before the boiler was put in use by defendants, by a proper and reasonable inspection of same; but that said defendants negligently and carelessly installed said tube in said boiler, although they knew of said defect, or by exercise of reasonable care could have discovered the same before said tube was installed, and thereafter negligently and carelessly permitted said defective tube to remain in said boiler while said boiler was in use and operation, and negligently failed to inspect said boiler thoroughly and properly, or to sufficiently test the same after said defective tube was installed; and in negligently and carelessly permitting said boiler to be used and operated while said defective tube remained therein.

Trial by jury and verdict for $7,500. With the general verdict the jury returned answers to fourteen interrogatories submitted to it by the court. A motion for a new trial was filed by each of the defendants, which was overruled by the court and judgment was rendered against all of the defendants for the amount named in the verdict. From this judgment an appeal was prayed, to this court.

The assignment of errors on the part of the appellant, Kingan & Company, presents: (1) the overruling of the demurrer to the complaint and (2) the overruling of the motion for a new trial. The assignment of errors on the part

of the appellants, Tobin & Toole, raises the question, that the court erred in overruling their demurrer to the complaint.

In the briefs of the appellants they point out no objection to the sufficiency of the complaint, therefore all questions on this assignment of errors are waived. Ewbank's

1. Manual §188; *Hoover* v. *Wessner* (1897), 147 Ind. 510, 45 N. E. 650, 46 N. E. 905; *Hamilton* v. *Hanneman* (1898), 20 Ind. App. 16, 50 N. E. 43. The second error assigned is predicated upon the overruling of the motion for a new trial. In the motion for a new trial the appellants allege, that (1) the verdict is contrary to law; (2) the verdict is not sustained by sufficient evidence; (3) the damages are excessive; (4) error in refusing to give certain instructions, fourteen in number, tendered by the defendants; (5) the giving, by the court, of each of thirty-one instructions; (6) the admission of certain testimony on the part of the plaintiff; (7) the refusal to allow witnesses for the defendants to answer certain questions; (8) the misconduct of the attorney for appellee in his closing argument.

It is contended on the part of the appellee that as there is an absence from the record of the section of the tube claimed to be defective that therefore the court can-

2. not consider the evidence or the instructions for the reason that all the evidence is not in the record. It is not contemplated that articles such as iron pipes, guns, articles of clothing, pieces of wood or iron, or articles used in the trial of a cause, as illustrative and explanatory of parol evidence, shall constitute a part of the record on appeal and they have no place in the transcript. *Bridgewater* v. *State* (1899), 153 Ind. 560, 567, 55 N. E. 737.

There being some evidence to support the verdict

3. (although conflicting) this court cannot weigh the evidence to determine its weight, sufficiency or preponderance. *Weaver* v. *Apple* (1897), 147 Ind. 304, 46 N.

E. 642; *Working* v. *Garn* (1897), 148 Ind. 546, 47 N. E. 951; *Hauk* v. *State* (1897), 148 Ind. 238, 46 N. E. 127, 47 N. E. 465; *Shields* v. *State* (1897), 149 Ind. 395, 49 N. E. 351; *Siberry* v. *State* (1896), 149 Ind. 684, 39 N. E. 636, 47 N. E. 458; *Seisler* v. *Smith* (1898), 150 Ind. 88, 46 N. E. 993; *Hamilton* v. *Hanneman* (1898), 20 Ind. App. 16, 50 N. E. 43; *Fox* v. *Cox* (1898), 20 Ind. App. 61, 50 N. E. 92; *Bachman* v. *Cooper* (1898), 20 Ind. App. 173, 50 N. E. 394; *Peerin Nat. Bank* v. *Thompson* (1898), 20 Ind. App. 649, 50 N. E. 410.

While appellants' assignment of errors raises a question on the refusal by the court to give each of the fourteen instructions tendered by them, they particularly insist

4. that instruction No. 12 tendered by the appellants was proper to be given to the jury, and insist that this refusal is reversible error. This instruction reads as follows: "In determining whether the tube in question was or was not defective as complained of, I instruct you that you have the right to take into consideration the fact, if it be the fact that the tube in question was installed on or about the 14th day of February, 1908, and thereafter continued in constant and steady use under the same pressure of steam that it was being subjected to at the time of the explosion, and that it successfully withstood such pressure, if you find that it did so withstand such pressure until the 29th day of February. If you should find that it did, you would be authorized to find that it was not a defective tube, or, if defective, that such defect was unknown to Kingan & Co., notwithstanding you should find that it did in fact explode on the 29th day of February following, and did inflict the injuries complained of; should you so find, your verdict should be for the defendants." We are of the opinion that this instruction is too narrow and invades the province of the jury. It confines the question of determining the defect in the tube to the bare fact that, if it had withstood the pres-

sure for the time stated, and excluded all other evidence on the subject. It was also erroneous in telling the jury that if it found that it did so withstand the pressure for the time stated, even though defective, such defect was unknown to the defendants. The jury should consider all the evidence introduced on any stated proposition in determining the truth of said proposition. *Union Mut. Life Ins. Co.* v. *Buchanan* (1885), 100 Ind. 63; *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 3 N. E. 389, 4 N. E. 908; *Abbitt* v. *Lake Erie, etc., R. Co.* (1898), 150 Ind. 498, 50 N. E. 729; *City of Columbus* v. *Strassner* (1894), 138 Ind. 301, 34 N. E. 5, 37 N. E. 719.

The court gave in lieu of instruction No. 12 tendered by appellants instruction No. 26, which reads as follows: "In determining whether the tube in question was or was not defective as alleged, you are instructed that you may take into consideration the fact, if it be a fact, that the tube in question was installed on or about the 14th day of February, 1908, and thereafter continued in constant and steady use under practically the same pressure of steam that it was being subjected to at the time of bursting or explosion thereof, and that it successfully withstood such pressure, if you find that it was, during such time, under practically the same pressure until the 29th day of February, 1908, together with all other evidence in the cause." Appellants contend that this instruction is erroneous for the reason that it tells the jury that it is to consider not only the evidence as to the defects in the tube, but the evidence on the measure of damages.

It is presumed that the jurors were men of average intelligence, and fully understood to what the instructions referred, and that the court limited their consideration to the evidence relating to the condition of the tube in question. *Cleveland, etc., R. Co.* v. *Lynn* (1912), 177 Ind. 311, 95 N. E. 577, 98 N. E. 67, and cases cited; *McDonel* v. *State* (1883), 90 Ind. 320, 327; *Golibart* v. *Sul-*

*livan* (1903), 30 Ind. App. 428, 437, 66 N. E. 188.

8. The instructions should be taken in the sense in which they would be understood by men of ordinary intelligence. *Kennedy* v. *State* (1886), 107 Ind. 144, 150, 6 N. E. 305, and cases cited. As this is so, the jury could not have been misled. The other instructions tendered by the

9. defendants and which the court refused to give are each covered by instructions given by the court in lieu thereof, to which no valid objections have been presented. Considered as a whole the instructions fully cover the law of the case, and are not objectionable as invading the province of the jury.

The appellants have insisted in their brief that the attorney for the appellee was guilty of misconduct in his closing argument. This misconduct complained of, if it be

10. misconduct, is not a matter which we are called upon to decide at this time. No objections were made at the time by the appellants, and therefore no question is presented here for consideration. No ruling of the court in relation thereto has been assigned in the motion for a new trial, or assigned as error here. *Malott* v. *Central Trust Co.* (1907), 168 Ind. 428, 435, 79 N. E. 369, 11 Ann. Cas. 879; *Walcott* v. *Patterson* (1860), 14 Ind. 248; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 623, 72 N. E. 589; *Coppenhaver* v. *State* (1903), 160 Ind. 540, 548, 67 N. E. 453; *Thos. Madden, Son & Co.* v. *Wilcox* (1910), 174 Ind. 657, 91 N. E. 933, 937; *Heath* v. *State* (1910), 173 Ind. 296, 90 N. E. 310, 312, 21 Ann. Cas. 1056; *Hill* v. *State* (1908), 169 Ind. 561, 562, 83 N. E. 243, and cases cited. Some questions are presented in appellants' brief on the admission and rejection of certain evidence during the progress of the trial, but we are of the opinion that no reversible error was made by the trial court in relation thereto.

There being no error in the record to warrant the reversal of the judgment of the trial court, we are constrained to affirm the judgment in all things. Judgment affirmed.

NOTE.—Reported in 100 N. E. 1044.  See, also, under (1) 2 Cyc. 1014; (2) 3 Cyc. 99; (3) 3 Cyc. 348; (4) 26 Cyc. 1497; (5) 38 Cyc. 1828; (6) 26 Cyc. 1491; (7) 3 Cyc. 314; (8) 38 Cyc. 1777; (9) 38 Cyc. 1711; (10) 38 Cyc. 1507.  As to what is deemed to be invasion by the court of the jury's province, see 14 Am. St. 36.  As to what are proper subjects for instructions to the jury, see 72 Am. Dec. 538.  As to when counsel's misconduct in argument is so grave as to call for reversal, see 9 Am. St. 559; 100 Am. St. 694.