DANVILLE TRUST COMPANY ET AL. *v.* BARNETT.

[No. 22,707. Filed February 17, 1916. Rehearing denied May 12, 1916.]

1. PARTIES.—*Misjoinder.*—*Remedy.*—A misjoinder of parties, if apparent on the face of the complaint, must be taken advantage of by demurrer; otherwise, by plea in abatement. p. 698.

2. PARTIES.—*Defect of Parties.*—*Waiver.*—The failure to present the question of defect of parties by demurrer or answer must be deemed a waiver of the objection, and precludes a presentation of same either by motion in arrest of judgment or by assignment on appeal. p. 698.

3. APPEAL.—*Questions Reviewable.*—*Questions of Fact.*—*Wills.*—The rule that the court on appeal will not determine questions of fact from the weight of the evidence applies in will cases. p. 699.

Danville Trust Co. *v*, Barnett—184 Ind. 696.

4. APPEAL.—*Review.—Instructions.—Consideration as a Whole.*— To determine whether reversible error has been committed in the giving of instructions, the instructions should be taken as a whole. p. 699.

5. APPEAL.—*Review.—Refusal of Instructions.*—There is no error in the refusal of an instruction which was fully covered by other instructions given. p. 699.

6. APPEAL.—*Review.—Modification of Instructions.*—The refusal of an instruction as requested and its giving as modified by the court were proper, where the instruction as requested violated the rule against emphasizing any one fact shown by the evidence so as to leave the inference that other facts were unimportant. p. 700.

7. APPEAL.—*Presenting Questions for Review.—Instructions.—Briefs.* —Instructions should all be presented in appellant's brief so that the court may be able to determine whether refused instructions were covered by other instructions. p. 700.

8. WILLS. — *Validity. — Execution. — Instructions. —* An instruction that to constitute a valid will the instrument must be signed by the testator, or by some one for him in his presence, and attested and subscribed in his presence by at least two competent witnesses; that the signature of the testator is necessary and until it is affixed the will can not be attested by witnesses; that if testator does not sign in the presence of witnesses, he must acknowledge his signature in their presence, etc., was proper in view of testimony by one of the subscribing witnesses that she signed a paper purporting to be the will in question, but that she did not see testator sign it, that he did not acknowledge signing it, and that she did not see his name on the will. p. 700.

9. WILLS.—*Impeachment.—Competency of Attesting Witness.*—A witness to a will may be called to impeach it. p. 701.

10. APPEAL.—*Review.—Verdict.—Conclusiveness.*—A verdict can not be disturbed on the evidence on appeal if the evidence most favorable to appellee sustains it. p. 702.

11. APPEAL.—*Questions Presented.—Misconduct of Counsel.*—No question is presented as to alleged misconduct of counsel where the record does not disclose any objection made at the time; or any exception taken to any ruling in relation thereto. p. 702.

From Morgan Circuit Court; *Nathan A. Whitaker*, Judge.

Action by Chester P. Barnett against the Danville Trust Company and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Otis E. Gulley, Bain & Branch, Henry N. Spaan* and *B. F. Watson,* for appellants.

*James M. Ogden, Silas C. Kivett* and *Edgar M. Blessing,* for appellee.

ERWIN, J.—This was an action to contest a will on the grounds of, (1) undue execution, (2) unsoundness of mind of testator, and (3) undue influence. Issues were formed by all appellants filing an answer in general denial. The issue of undue influence was taken from the jury upon motion. The other issues were submitted to a jury, which found for appellee.

Appellants predicate error here on the action of the court in overruling the motion for a new trial, and in overruling the motion in arrest of judgment. Appellants have also assigned error on matters of fact, which they claim they have authority to do under §3163 Burns 1914, §2605 R. S. 1881. Appellants also insist that the complaint is insufficient for lack of proper parties, a matter which they presented for the first time in their motion in arrest of judgment. The misjoinder of parties must, if it appear in the complaint, be taken advantage of by demurrer, but if not so appearing in the complaint must be taken advantage of by plea in abatement. *Moore* v. *Harmon* (1895), 142 Ind. 555, 557, 41 N. E. 599. *White* v. *Woods* (1915), 183 Ind. 500, 109 N. E. 761. Since the act of 1911 (Acts 1911 p. 415, §§344, 348 Burns 1914) went into effect, all questions as to defects of parties not presented by demurrer or answer shall be deemed to have been waived. The fact that appellants have not presented the question of defect of parties, either by demurrer or answer, precludes their so doing by a motion in arrest of judgment, or by assignment in this court. It must follow that the court did not err in overruling the motion in arrest of judgment.

It is insisted by appellants that they have a right to assign questions of fact in this court in this class of cases and that the decisions of this court on that subject should be overruled. In *Wait* v.

3. *Westfall* (1904), 161 Ind. 648, 68 N. E. 271, this court held by Hadley, J., that only questions of law could be assigned in this court. That was also a case to contest a will and the court there said: "The question has long since been decided against the position here assumed, and we have not been persuaded that the previous ruling is incorrect or should be modified," citing *Coffman* v. *Reeves* (1878), 62 Ind. 334; *Eckert* v. *Binkley* (1893), 134 Ind. 614, 620, 33 N. E. 619, 34 N. E. 441, saying further, "It may be considered as thoroughly settled, under the existing code of practice, that in all cases triable by jury this court will not undertake to determine questions of fact from the weight of the evidence."

The questions presented by the motion for a new trial arise upon the giving of certain instructions; the refusal to give certain instructions tendered by appellants; the admission of certain testimony over appellants' objections; the rejection of certain testimony offered by appellants; the modification of certain instructions tendered by appellants and, as modified, given to the jury; and the alleged misconduct of counsel for appellee. To deter-

4. mine properly whether reversible error has been committed in giving instructions, the instructions should be taken as a whole. *Reddick* v. *Young* (1912), 177 Ind. 632, 640, 98 N. E. 813; *In re Darrow and Talbot* (1910), 175 Ind. 44, 58, 92 N. E. 369; *Sterling* v. *Frick* (1909), 171 Ind. 710, 715, 86 N. E. 65; 87 N. E. 237. Appellants

5. insist that the court erred in refusing to give instruction No. 4 tendered by them.

Appellants have not set out, in their brief, all the instructions given, but an examination of the record discloses that this instruction was fully covered by other instructions given by the court. Instruction No. 5 tendered by appellants was

6. modified and given. The modification consisted in striking out the word "important" in calling the jury's attention to certain facts that might be taken into consideration in determining the soundness of mind of the testator, and in striking out the words "as tending to support and uphold the will." It was proper to refuse this instruction as tendered, for the reason that it is not proper for the court to emphasize any one fact shown by the evidence more than another, but all facts should be considered by the jury as a whole, and to tell the jury that one fact was important would leave the inference that other facts were not important, which would be invading the province of the jury.

7. Instructions should be considered as a whole and should all be presented by appellants in their brief, so that the court may be able to determine whether refused instructions have been covered by other instructions. It is asserted by appellee that each of the instructions tendered by appellants and refused are covered by other instructions given. This is not denied by appellants and it must be taken as conceded. A search of the record discloses that this statement is true, and that no reversible error in refusing to give instructions is presented.

Appellants contend that instruction No. 4 given at the request of appellee is erroneous. This instruction told the jury in substance that to

8. constitute a valid will it must be signed by the testator or by some one in his presence and attested and subscribed in his presence by at least

two competent witnesses; that the signature of the testator is necessary to make it a valid will; that until such signature is affixed, the will can not be attested by witnesses; that if the testator does not sign in the presence of the witnesses, testator must acknowledge her signature in their presence; that if the jury found that at the time the witnesses attested the will testator's name was not written on the will then they should find for plaintiff. One of the subscribing witnesses testified that she signed a paper purporting to be the will in question, but at that time she did not see testator sign it, neither did testator acknowledge having signed it, nor did the witness see testator's name on the will. Under the issue presented by this testimony the instruction was proper.

It is insisted that the trial court erred in allowing one of the subscribing witnesses to give testimony impeaching the execution of the will. A witness to a will may be called to impeach it,

9. "but, if he assumes that attitude towards it, he does so at the peril of his reputation for candor and veracity." *Stevens* v. *Leonard* (1900), 154 Ind. 67, 79, 56 N. E. 27, 77 Am. St. 446. This witness testified on cross-examination in answer to questions propounded by appellants that testator was, in her opinion a person of sound mind, on the day of the pretended execution of the will. Appellants were not required to go into that subject, but having done so and having obtained this result they thereby gave credence to her testimony. No offer was made to impeach the witness or discredit her in any manner. The trial court gave full instructions covering every phase of the case and taken collectively they were a fair presentation of the law of the case.

The jury heard the testimony of the witnesses, and if the evidence most favorable to appel-

lee sustains the verdict, we have no power to
10. disturb it. *Indianapolis Traction, etc., Co.* v.
*Miller* (1913), 179 Ind. 182, 100 N. E. 449.
As to the misconduct of the attorney for ap-
11. pellee, appellant is not in a position to com-
plain, for the reason that the record fails to dis-
close that any objections were made at the time, or
any exception taken to any ruling of the court in re-
lation thereto, hence no question is presented.
*Kingan & Co.* v. *King* (1913), 179 Ind. 285, 100 N.
E. 1044. No reversible error having been presented,
the judgment is affirmed.

NOTE.—Reported in 111 N. E. 429. See, also, under (1) 31 Cyc
177, 294; (2) 30 Cyc 144; 31 Cyc 743; (3) 4 C. J. 843; 3 Cyc 348; (4)
38 Cyc 1778; (5) 38 Cyc 1711; (6) 38 Cyc 1675, 1720; (7) 3 C. J. 1419;
2 Cyc 1016; (8) 40 Cyc 1335, 1338; (9) 40 Cyc 1301, 1309; (10) 4
C. J. 850; 3 Cyc 348; (11) 4 C. J. 78; 2 Cyc 1042.