## CARLOS HOLCOMB AND OTHERS *vs.* ANSON B. TIFFANY.

The plaintiffs were selected as arbitrators between them by *T.* and *S.*, and in discharging the duties of their appointment incurred certain expenses for the hire of a clerk. In their award the arbitrators awarded that *T.* should pay them a certain sum for their fees and expenses.

In assumpsit against *T.* to recover the sum so awarded, brought by the arbitrators jointly, in which the declaration contained a special count on the award, and the common counts for money paid and work and labor done, it was held that the plaintiffs were entitled to recover on the common counts, and that the fact that another was jointly liable with the defendant was no defence under the general issue, but could be taken advantage of only by plea in abatement. Whether a recovery could be had on the special count, *quære.*

ASSUMPSIT on an award of arbitrators, with counts for money paid and work and labor done; brought to the Superior Court, and tried to the court (*Foster, J.*) on the general issue.

The court rendered judgment for the plaintiffs, and the defendant brought the record before this court by motion in error. The case is sufficiently stated in the opinion.

*Hitchcock,* for the plaintiff in error.

*Goodwin* and *Foster,* for the defendants in error.

CARPENTER, J. The plaintiffs were arbitrators to settle certain matters in controversy between the defendant and one John F. Simmons. Their award required the defendant to pay to the plaintiffs a large portion of their fees and expenses as such arbitrators, and this action is brought to recover the same. The Superior Court found the facts, and rendered judgment for the plaintiffs. The declaration contains a special count, setting out the submission and award, and also the general counts. The motion in error assigns two causes of error which seem to be relied on.

1. That it is not competent for the arbitrators to award a sum of money payable to themselves, and maintain an action on the award in their own names. This point, although alluded to in the argument, is not referred to in the defendant's brief. We have no occasion however to consider this question, as it is not necessary to a determination of this case. The judgment of the Superior Court, so far as it rests upon the common counts, must be sustained. Whether it can be sustained upon the special count is immaterial. The plaintiffs performed certain services, as arbitrators, at the request of both parties, the defendant and Simmons. They are entitled to compensation, and have at least a claim against both parties jointly. That another is jointly liable with the defendant is no defence under the general issue, but can be taken advantage of only by plea in abatement.

2. The second error assigned is that the cause of action in favor of the plaintiffs, if any, is several and not joint.

It appears that a part of the demand is for the services of a clerk employed by the arbitrators as a board. In form they incurred a joint expense, and may maintain a joint action.

Holcomb *v.* Tiffany.

Concerning that there would seem to be no room for doubt. In respect to the demand for services, that may be joint or several, according to the circumstances of the case. They acted as a joint board. No one of them could have acted as arbitrator alone. He could only act in connection with the others. Unless otherwise provided all must concur in making the award. In fixing the sum to be paid, we think it was competent for them to put it in the joint or several form at their option. They named a sum in the aggregate, and made it payable to them jointly as arbitrators. It does not appear that there has ever been any division of the sum sought to be recovered, nor what specific amount each was to receive, but acting collectively they demand a gross sum.

We think that the court below did not err in rendering a joint judgment.

In this opinion the other judges concurred.