No. 261.

## ALEXANDER v. COLLINS.

ARBITRATION AND AWARD.—*Services as Arbitrator.—Action to Recover for.—Parties.—Plea in Abatement.*—Where the plaintiff had performed services as an arbitrator at the request of the defendant, he was entitled to recover the reasonable value of his services in an action brought by him against the defendant without joining the other parties to the submission as co-defendants. If they should have been so joined that was matter in abatement.

SAME.—*Reasonable Value of Services.—Right of Arbitrator to Recover.— Written Agreement of Submission.—Inadmissibility of in Evidence.—Plea in Bar.— Parol Evidence.*—The parties to an arbitration entered into a written agreement of submission which provided, among other things, that "It is further agreed that all expenses except fees of attorneys of respective parties, incurred in this arbitration, shall be equally borne and paid by the parties hereto."

*Held,* that the written agreement of submission was not admissible in evidence against the plaintiff, who had performed services as an arbitrator, in an action against one of the parties to the submission.

*Held,* also, that whatever might be the proper effect as between the parties to the arbitration of the agreement concerning the payment of expenses, the plaintiff's right to reasonable compensation for his services was not affected thereby.

*Held,* also, that if the excluded instrument would have shown that the plaintiff was employed by the parties to the submission jointly, that could not have availed as a defence in bar.

*Held,* also, that the objection that the oral evidence tended to vary the written instrument was not pertinent.

PLEADING.—*Plea in Abatement.— What Must Show.*—An answer in abatement alleging that other persons are liable jointly with the defendant, which fails to show that such other persons are living and subject to the process of the court, is bad.

SAME.—*Plea in Abatement.— When May be Struck Out.—Sustaining Demurrer to.—Effect of.—Plea in Bar.*—If an answer in abatement be pleaded with an answer in bar, the answer in abatement may be struck out on motion. If a demurrer be sustained to it, however, an equivalent result has been accomplished, and there can be no available error in such action of the court, whether the answer in abatement would have been good or bad, if pleaded before the answer in bar, instead of with it.

From the Clay Circuit Court.

*L. B. Swift* and *H. Teter,* for appellant.

*G. A. Knight,* for appellee.

Alexander *v.* Collins.

BLACK, J.—This was an action to recover for services of the plaintiff, the appellee, as arbitrator, alleged to have been rendered at the special instance and request of the defendant, the appellant, one of the parties to the submission to arbitration.

There was an answer of general denial. There was, also, a second paragraph of answer, in which it was alleged that the only services rendered to the appellant by the appellee, in connection with said arbitration, were those rendered by him jointly with two others named, acting as arbitrators, and an additional person named, as umpire, and were so rendered by said body to the appellant and two other persons named jointly, and not severally, as parties to said arbitration, and that the appellee "was only so employed under the terms of the submission in said arbitration provided, and as follows: 'It is further agreed that all expenses, except fees of attorneys of respective parties, incurred in this arbitration, shall be equally borne and paid by the parties hereto.' Wherefore defendant demands judgment."

The appellee's demurrer to the second paragraph of answer was sustained.

Upon trial by the court the finding was for the appellee. A motion for a new trial was filed by the appellant, which was overruled.

The evidence shows that the parties to the submission each selected one of the three arbitrators, the appellee being selected by the appellant, and requested by him to serve as his arbitrator; that the three parties to the submission jointly selected the umpire; that the submission was made on the 15th of May, 1889; that the appellant employed the appellee, who served as arbitrator some forty days; that the appellant paid one-third of the expense of the service of the umpire and one-third of the rent for the room used by the arbitrators and umpire; and that said service of the appellee

VOL. 2.—12

was reasonably worth one hundred dollars, which was the amount of the finding and of the judgment herein.

There was but one witness on the trial. During the course of his testimony, it was admitted by the appellee that the submission was in writing, and contained the provision quoted therefrom in the second paragraph of answer, as above, and was signed by the three parties thereto. Thereupon the appellant moved to reject the evidence of said witness, for the reason " that as the parties to the arbitration had reduced the submission to writing, and therein provided for the expenses thereof, no oral proof was admissible to contradict or vary the same." The court overruled this motion, and admitted evidence as above stated.

The appellant offered to introduce in evidence on his behalf said written submission, being a submission to arbitration at common law, but the court excluded it upon the objection of the appellee.

Arbitrators have the right to recover compensation for their services on the same ground as that on which any employee is entitled to recover for services rendered. *Ott* v. *Schroeppel*, 3 Barb. 56 (63).

In *Holcomb* v. *Tiffany*, 38 Conn. 271, it was held that the plaintiffs, who had performed services as arbitrators at the request of both parties to the submission, were entitled to recover compensation on common counts, and that the fact that another was jointly liable with the defendant could only be taken advantage of by plea in abatement.

In *Hinman* v. *Hapgood*, 1 Denio, 188 (43 Am. Dec. 663), which was an action by one of several arbitrators against one of the parties to the submission, to recover compensation for the plaintiff's services as arbitrator, it was held that he might recover reasonable compensation, without an express promise to pay ; that the claim of each arbitrator was several, and not joint, and that the fact that the other parties to the submission were not joined could be made available only by plea in abatement.

Alexander v. Collins.

In *Young* v. *Starkey*, 1 Cal. 426, the defendants and one Dring agreed to submit matters in difference between them to the decision of the plaintiff. The agreement contained a provision for the payment of the arbitrator by the defendants under a certain contingent circumstance, which did not arise, and by Dring in a certain other event, which did occur. The defendants informed the plaintiff of the submission, without saying anything about payment for his services or by whom such payment was to be made. It was said by the court that the plaintiff was neither party nor privy to said agreement between the defendants and Dring, and was not bound to look to the latter for pay for the service; that the defendants equally with Dring were liable to the plaintiff for his services, and that both parties were liable for the whole amount.

The appellee was entitled to recover the reasonable value of his services, in an action brought by him, without joining any other persons as co-plaintiffs. His claim was several, and not joint.

If the other parties to the submission should have been joined with the appellant as defendants, that was matter in abatement.

An answer in abatement alleging that other persons are liable jointly with the defendant, which fails to show that such other persons are living and subject to the process of the court, is bad. *Levi* v. *Haverstick*, 51 Ind. 236; *Gilbert* v. *Allen*, 57 Ind. 524; *Hess* v. *Lowrey*, 122 Ind. 225 (228).

If an answer in abatement be pleaded with an answer in bar, the answer in abatement may be struck out on motion; but if a demurrer to it be sustained, an equivalent result has been accomplished, and there can be no available error in such action of the court, whether the answer in abatement would have been good or bad if pleaded before the answer in bar, instead of with it. *Dwiggins* v. *Clark*, 94 Ind. 49.

The admission of the written agreement of submission could not have benefited the appellant. The authority of

the arbitrators in the making of their award was controlled by the terms of the submission; but whatever was the proper effect as between the parties to the arbitration of the agreement concerning the payment of expenses quoted in the second paragraph of answer, the appellee's right to reasonable compensation for his services was not affected thereby. It did not prescribe the amount of the compensation of the arbitrators, or any of them.

The appellee was not a party or privy to the agreement. The objection that the oral evidence introduced tended to vary a written agreement was not pertinent. See *Burns* v. *Thompson*, 91 Ind. 146 (150).

If, as claimed, the excluded instrument would have shown that the appellee was employed by the parties to the submission jointly, that could not have availed as a defence in bar.

We can not say that the finding was not sustained by sufficient evidence, or that it was contrary to law.

The judgment is affirmed, with costs.

Filed June 26, 1891.