THE AULTMAN ENGINE & THRESHER COMPANY, Appellant, v. W. F. GREENLEE and MRS. W. F. GREENLEE, Appellees.

**Fraudulent conveyances:** HUSBAND AND WIFE. Although an oral contract of the husband to convey land to his wife could not have been enforced because of indefiniteness, yet if it has been carried out the creditors of the parties can not set the conveyance aside on the ground of vagueness in the original agreement.

**Same:** ASSIGNMENT OF INHERITANCE. The contract of the husband to assign his prospective inheritance to his wife cannot be annulled by his creditors on the ground of fraud, after the same has been performed in good faith and for a consideration.

**Same:** TRANSACTIONS BETWEEN HUSBAND AND WIFE. While both husband and wife are liable for family necessities, yet the wife may refuse to expend her professional earnings for that purpose except upon an agreement of the husband to repay her, and if such an agreement is in good faith made and thereafter carried out it is not voidable at the suit of the husband's creditors.

**Deeds:** CONSIDERATION: PAROL EVIDENCE OF. The real consideration for a deed from a husband to his wife may be shown by parol, where creditors of the husband are seeking to set the same aside as fraudulent.

*Appeal from Benton District Court.*— HON. OBED CASWELL,
Judge.

FRIDAY, MAY 17, 1907.

ACTION in equity in the nature of a creditors' bill.   Petition dismissed, and plaintiff appeals.— *Affirmed.*

*C. Nichols* and *C. W. E. Snyder,* for appellant.

*Montgomery & Chambers* and *Whipple & Brown,* for appellees.

WEAVER, C. J.— In the year 1902 one Allen Greenlee, being seised of certain lands in Benton county, Iowa, died intestate, and by the terms of his will one-twelfth part of said lands was devised to his son, W. F. Greenlee, subject to a charge or lien of $350.   Thereafter, on November 28, 1903, W. F. Greenlee conveyed all his right, title and interest in said lands by warranty deed to his wife, Ella M. Greenlee, in whom the title still stands.   About March 1, 1905, the plaintiff recovered a judgment against the said W. F. Greenlee in the district court of Benton county for several hundred dollars upon a claim antedating the conveyance aforesaid.   An execution upon said judgment being returned unsatisfied, this action was begun alleging that the conveyance by Greenlee to his wife was in fraud of his creditors, and asking to subject said lands to the payment of the judgment.   To this claim the defendants answering separately deny the alleged fraud, and aver that said conveyance was made in payment of a bona fide indebtedness and pursuant to an agreement entered into in good faith long before the date of its execution and delivery, and before the origin of the debt to the plaintiff.   A question of homestead rights is also raised by the answer.   The wife also, by cross-petition, asks to have the title of the land quieted in her.   The trial

court found the equities to be with the defendants and dismissed the bill.

The principal issue is one of fact, and possesses no such unusual features as to call for an extended discussion of the evidence.    It appears that at the date of their marriage neither the husband nor wife had property or money to any considerable amount.    The wife is shown, however, to have been a music teacher of experience, who was capable of earning and did, in fact, earn a considerable income, while the husband seems not to have been very prosperous.    It is the claim of the defendants, and the evidence tends to show, that in 1897, and before the debt to plaintiff was contracted, the husband and wife entered into an agreement by which she undertook to lend him sums of money from time to time and to invest other of her earnings in payment of bills contracted for the support of the family in consideration of his promise to turn over or convey to her whatever share or interest he might thereafter receive from the estate of his father on the latter's decease.    According to her testimony, she thereafter loaned to her husband and expended for him under said agreement money to the aggregate amount of $971, in consideration of which he made to her the deed in question in accordance with his promise.    The testimony of the husband and wife is quite direct and consistent with the truth of this claim, and it finds some support and corroboration in other circumstances, which we do not stop here to relate.    The points made for a reversal of the decree below are as follows:

I.    That the terms of the alleged agreement between the defendants are too indefinite to be upheld as a contract. It may be that, if this were an action by the wife to enforce 1. Fraudulent a specific performance of the agreement, this conveyances: objection would be available, but we do not husband and think it can be here sustained.    While in its wife. original statement the agreement was somewhat vague, as oral contracts are quite apt to be, it was still reasonably def-

inite. Moreover, it has been fully performed. The fact that a contract may not be susceptible of specific enforcement does not necessarily imply its invalidity, and, if the parties thereto interpret its terms and carry it into effect by the transfer of property, the creditors of neither can demand the invalidating of such transfer on the mere ground of vagueness of the preliminary agreement.

II.   It is next said that, while an agreement by a person to sell or assign his prospective inheritance will under some circumstances be enforced, yet to be so treated the agreement must be fair and free from fraud in its terms and must be made with the consent of the ancestor. Here again we may say that assuming the rule of law to be as stated, and that its application would be sufficient to defeat the claim of the wife for a specific enforcement of her agreement with her husband, it does not follow that it affords any ground to invalidate the transaction when it has once been performed. True, in this as in all other transfers of property, if the transaction was planned or carried out with intent to defraud creditors or was a purely voluntary one on the part of the debtor, the court will not hesitate to defeat the fraud by subjecting the property to the payment of the debt. But, if the property has been transferred in good faith and for a valuable consideration, the creditor is not entitled to have the deed set aside in his favor simply because the debtor might have successfully resisted an action to compel him to make it. Assuming the truth of the testimony given on part of the appellees, the agreement between them was not an unfair one, nor was the consideration given by the wife so inadequate as in itself to suggest a fraudulent purpose.

2. SAME: assignment of inheritance.

III.   The point is made that the agreement between the husband and wife by which he undertook to compensate her for moneys advanced to him and paid by her for family expenses from her earnings as a music teacher was without consideration, because under our statute she was equally

liable with him for family expenses. But may the conclu-

**3. SAME: transactions between husband and wife.** sion here asserted be clearly drawn from the admitted premises? We may for the purpose of argument concede that the wife's service in caring for her household and other domestic duties would not afford consideration for an enforceable contract by her husband to make payment therefor; but her services in her professional capacity were not his, nor did the law give him any title or claim upon her earnings thus received. Under the law of this State she had the right to make him her debtor and to enforce the claim thus created, the same as though the marriage relation did not exist. She had the right to lend him the money arising from her professional earnings and to accept payment of the loan thus made. While the common creditor having a claim for family expenses could have enforced it against both husband and wife or either of them, yet as between themselves the wife had the right to say she would not use her own money for such purchases except upon an agreement of the husband to repay her, and, if he entered into such an agreement in good faith and did thereafter carry it out, the transaction is not voidable at the suit of his creditors.

The principle here affirmed was upheld in *Carse v. Reticker,* 95 Iowa, 25; *Gilbert v. Glenny,* 75 Iowa, 513; *Mewhirter v. Hatten,* 42 Iowa, 288; *Hoag v. Martin,* 80 Iowa, 714; *Clark v. Ford,* 126 Iowa, 460. We have held on several occasions that the voluntary payment by the wife of family expenses would raise no implied promise of repayment by the husband, but in the same connection we have said in effect that payments so made upon an express agreement to repay are not fraudulent or without consideration. *Courtright v. Courtright,* 53 Iowa, 57; *Patterson v. Hill,* 61 Iowa, 534; *Hayward v. Jackman,* 96 Iowa, 77. While the wife of the debtor in the instant case was under a legal obligation to pay debts contracted for family expenses, she was under no obligation, legal or moral, to pay for a threshing

machine bought by her husband on his own credit, or to surrender the profits of her personal labor for the benefit of the appellant. It is proper that the courts should scrutinize closely all transactions between husband and wife which result in giving the latter preference over other creditors; but, when satisfied that the wife is a creditor and that payment or security given her is in good faith, her right to protection is not destroyed or lessened because of her coverture. The trial court having the witnesses or most of them personally before it found the disputed fact questions in favor of the appellees, our reading of the record leads us to coincide in that conclusion.

IV. The deed from Greenlee to his wife was drawn and executed in Kansas. The wife was not present at the time and place of the execution, and the delivery of the deed was made to her at a later date. The expressed consideration in the instrument is "love and affection and one dollar." In explanation of this circumstance, the husband says that, on going to have the deed drawn and being asked by the notary concerning the matter of consideration, he stated the agreement between himself and wife substantially as he testified in the trial, but being then unable, in the absence of his wife, to state the exact amount of the debt, the notary informed him that a statement of a merely nominal sum in the deed was all that was necessary, and that upon such advice he executed the instrument.

4. DEEDS: consideration: parol evidence of.

It is argued by the appellant that the written expression of consideration comes within the general rule which excludes oral evidence to vary a written contract. Whether the rule thus invoked would apply if this were an action between parties to the deed we need not stop to inquire; for, even if such inquiry is to be answered in accordance with appellant's contention, it is thoroughly well established that the rule has "no application in controversies between a party to the instrument on the one hand and a stranger to it on the other,

for the stranger, not having assented to the contract, is not bound by it and is therefore at liberty, when his rights are concerned, to show that the written instrument does not express the full or true character of the transaction. And where the stranger to the instrument is thus free to vary or contradict it by parol evidence, his adversary, although a party to it, must be equally free to do so." 17 Cyc. 750; *Livingston & Schaller v. Stevens,* 122 Iowa, 62; *Clark v. Shannon,* 117 Iowa, 645. The evidence was properly admitted.

The decree of the district court was right, and it is *affirmed*