CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1910.

---

HEISLER PUMPING ENGINE COMPANY, APPELLANT, V. JAMES
E. BAUM ET AL., APPELLEES.

FILED FEBRUARY 10, 1910. No. 15,907.

1. **Parol Evidence.** "Where the controversy is between a party to a
   written contract and one who is neither a party nor a privy to it,
   the rule excluding parol evidence tending to vary, modify or con-
   tradict the writing does not apply." *First Nat. Bank v. Tolerton
   & Stetson Co.*, 5 Neb. (Unof.) 43.

2. **Appeal: HARMLESS ERROR: STRIKING EVIDENCE: DIRECTING VERDICT.**
   Where the trial court erred in striking out the testimony of
   plaintiff's principal witness after plaintiff rested its case, and
   then instructed the jury to return a verdict in favor of defend-
   ants, the order striking out the testimony was error without
   prejudice if the instruction to return the verdict would have been
   proper had the testimony been retained.

3. **Trial: DIRECTING VERDICT: SALES: EVIDENCE.** It was alleged in the
   petition that plaintiff sold an engine to the B. B. Co. for a certain
   price; that the engine had not been paid for; that after the sale
   defendants, for value, assumed and agreed to pay the debt, and
   which they failed to do. There was no evidence tendered upon
   the trial that plaintiff had sold the engine to the B. B. Co., or that
   it had or held a claim for the price against such company, con-
   sidering all the evidence offered. *Held,* That an instruction to
   the trial jury to return a verdict in favor of defendants was
   proper.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*Richard S. Horton* and *Gerald M. Drew,* for appellant.

*Baldrige & De Bord, contra.*

REESE, C. J.

It was alleged in the petition in this case that both plaintiff and defendant Baum Building & Realty Company are corporations duly organized; that on the first day of February, 1902, plaintiff sold to the W. R. Bennett Building Company, another corporation, an engine of the value and price of $1,375; that on the 13th day of April, 1903, plaintiff procured a judgment against said building company for the sum of $1,455.20, which is unpaid and is still in force; that, for a valuable consideration moving to defendants, they assumed and agreed to pay the said claim of plaintiff against the building company, together with interest thereon, and for which demand had been made and payment refused; that said sum of $1,455.20 is due, and for which judgment is demanded. The answer is a general denial. The cause was tried to a jury, and upon the conclusion of plaintiff's evidence defendants moved the court for an order striking out all the testimony of the principal witness for plaintiff, assigning the following grounds: "The defendants now move to strike out all of the testimony of the witness Bennett in relation to the defendants or either of them having assumed or agreed to pay the debts of the Bennett Building Company, or the W. R. Bennett Building Company, for the reason that the testimony of the witness Bennett shows that the alleged statement of Mr. Baum, one of the defendants, in regard to this matter was made at the time of the agreement marked exhibit 1, and is shown by the evidence to be a part thereof, and for the reason that the verbal statements, or verbal understandings of the parties at the time said agreement was written or entered, cannot now be used for the purpose of altering and modifying or in any sense amending the written

agreement marked exhibit 1, and for the further reason that the said exhibit 1 shows on its face, and the evidence of Mr. Bennett further shows, that it is the agreement between the parties under which the Bennett Building Company stock and property was transferred, and exhibit 1 shows on its face that it is a complete agreement between the parties in relation to said matters, and for the further reason that the testimony of Mr. Bennett tends to modify, alter or amend said written agreement marked exhibit 1; and therefore said testimony is incompetent, and I move to strike the same from the record in so far as it relates to the varying or modifying of said contract." This motion was sustained. Defendants then moved for an instruction to the jury to return a verdict in their favor. The motion for the instruction, which was sustained, was as follows: "I now move the court to instruct the jury to render a verdict for the defendants in this case, for the reason that the evidence does not tend in any way to sustain the allegations of plaintiff's petition, and for the further reason that the evidence does not tend to show that the defendants, or any of them, assumed or agreed to pay the debt of the plaintiff referred to in the petition." Plaintiff also moved the court for an instruction for a verdict in its favor, but which the court overruled. In accordance with the instruction the jury returned a verdict in favor of defendants. Plaintiff excepted to the action of the court on these motions. A motion for a new trial was filed, which was overruled, and judgment was rendered on the verdict. Plaintiff appeals.

As above appears, the motion to strike out the testimony of plaintiff's principal witness was based upon the ground that there was a written contract between the W. R. Bennett Building Company and defendants by which the whole of the transaction was set out, except the fact of the assumption by defendants of certain debts owing by said company. It was held by the trial court that the written contract between the parties to it was binding and conclusive, and that no testimony could properly be

submitted to the jury which would tend to vary or contradict its terms. In this the court overlooked the fact that plaintiff was not a party to that agreement, and was, therefore, not within the rule applied. In *Rosewater v. Hoffman,* 24 Neb. 222, we said: "The rule is well settled that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument, but this rule is applied only in suits between the parties to it. As between them, the contract must stand as written. But it should not be permitted to affect the rights of third parties, for, as can be plainly seen, great injustice might result from the application of the rule as to them." This rule is also stated in *First Nat. Bank v. Tolerton & Stetson Co.,* 5 Neb. (Unof.) 43, and is practically conceded to be the established rule of this state, as well as the general rule. It is therefore apparent that the court erred in sustaining the motion to strike out the testimony of the witness.

The question remains as to whether the court, after plaintiff rested, erred in then instructing the jury to return the verdict for defendants. If the instruction was not erroneous, had the evidence not been stricken out, it is clear that the order first made could not be held to have been prejudicial to plaintiff. The averments of the petition are that plaintiff sold the engine referred to to the W. R. Bennett Building Company; that defendants, for a valuable consideration, agreed and promised to pay the debt thereby created, and that they had failed to do so. The answer being a general denial, it devolved upon plaintiff to prove the sale, as in a suit by a vendor against a vendee; that the purchase price had not been paid; and that defendants assumed and agreed, for a valuable consideration, to pay the debt. The evidence, we think, tends to show the agreement on the part of the defendants to pay for the engine; but it is nowhere shown that plaintiff ever sold the property to the W. R. Bennett Building Company, or that that company was indebted to plaintiff therefor. Had the court overruled defendants' motion

to strike out the evidence, still the instruction to return the verdict in defendants' favor would have been proper upon the conclusion of plaintiff's evidence.

The judgment referred to in the petition was introduced in evidence, but the pleadings upon which it was based were not, and it is nowhere shown upon what cause of action it was founded, and it cannot be considered as supplying the defect.

Such being the condition of the evidence, the judgment will have to be affirmed, which is done.

AFFIRMED.