# WHITE v. WOODS.

[No. 22,917. Filed October 6, 1915.]

1. FRAUD.—*False Representations.*—*Action for Damages.*—*Reliance on Representations.*—*Complaint.*—In an action predicated on the ground of fraud, the complaint need not allege "that the plaintiff believed the false representations to be true and that he was thereby deceived and induced to act", but it is sufficient if facts are pleaded to show that the transaction involved was fraudulent, with an allegation equivalent to that quoted. p. 503.

2. FRAUD.—*False Representations.*—*Action for Damages.*—*Complaint.*—*Sufficiency.*—A complaint for damages on account of fraudulent representations as to the value of mining stock traded to plaintiff, alleging that defendant represented that he had received a certain dividend on the stock, which he in fact never re-

White *v.* Woods—183 Ind. 500.

ceived; that no such dividend had ever been paid and the stock was valueless, etc.; that said representations were false and known to be false by defendant at the time; that they were made for the purpose of deceiving and defrauding plaintiff and causing him to act thereon; and that plaintiff was ignorant of the facts and relied upon such representations, and by reason of the premises accepted the stock in exchange for his property, whereby he was damaged, etc., was sufficient. p. 503.

3. EVIDENCE.—*Deeds.—Parol Evidence.—Issues.*—In an action for damages for fraud perpetrated in an exchange of stock to plaintiff for certain real estate, where the complaint alleged that plaintiff was the owner of an equity in such real estate, and as a part of the evidence plaintiff introduced a deed to himself and wife, the court properly permitted the plaintiff and his wife to testify that she had no interest in the land, for the purpose of overcoming the apparent conflict between the deed and the averment of the complaint, since the rule forbidding the introduction of parol evidence to vary the terms of a written contract does not apply in an action between one of the parties to the contract and a stranger thereto, but is applicable only in actions between parties or privies. p. 503.

4. FRAUD.—*Action for Damages.—Parties.—Evidence.—Sufficiency.* —In an action for fraud on plaintiff in an exchange of stock to him for certain real estate, where plaintiff alleged his interest as being an equity in such real estate, and the deed introduced in evidence upon its face showed title in plaintiff and his wife, defendant's contention that the verdict is not sustained by sufficient evidence, on the theory that since the evidence showed title by entireties and plaintiff's wife had not been made a party, plaintiff could not recover in his own name, can not prevail, not only because the failure to make plaintiff's wife a party, if material, should have been reached by the plea in abatement, and the defect was waived by failure to so raise it, but also because of the testimony of plaintiff's wife amounting to a disclaimer of interest. p. 505.

From Superior Court of Marion County (78,747) ; *Joseph Collier,* Judge.

Action by William D. Woods against Riley F. White. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*Charles E. Averill,* for appellant.
*Samuel E. Garrison* and *James M. Ogden,* for appellee.

ERWIN, J.—Appellee sued appellant to recover damages for a fraud practiced upon him in the exchange of certain mining stock for a certain lot situated in the city of Indianapolis. In his complaint he charges that he was the owner of an equity in such real estate of the value of $1,000 and that appellant was the owner of one hundred shares of the par value of ten dollars each of the capital stock of the Greencastle Zinc and Lead Mining Company, that appellant represented to him that he had received a dividend of $50 in October prior to the exchange of properties, and that was simply a 20% quarterly dividend on the stock which he owned and desired to exchange for the real estate. He in fact never did receive such dividend as represented, no dividends had been paid on his stock or that of any other stockholder in the company for more than fifteen months before such representations were made, and the stock was wholly valueless; "that said representations were false and were known to be false by said defendant at the time he made the same and that said defendant made the same for the purpose of deceiving and defrauding the plaintiff thereby and intended that the plaintiff should be deceived and should act thereon, that plaintiff was ignorant of the facts and relied upon the representation of the defendant and was damaged; that is, by reason of the premises he took the one hundred shares of stock in exchange for his equity in said real estate and thereby plaintiff has been damaged in the sum of one thousand dollars."

A demurrer to the complaint was overruled and a proper exception saved. Issues of fact were joined by an answer of general denial. The cause was submitted to a jury for trial and a verdict for appellee in the sum of $400 was returned. Appellant's motion for a new trial was overruled and judgment rendered on the verdict.

The first insistence is that the complaint is insufficient because it is nowhere averred "that the plaintiff believed the false representations to be true, that he was deceived thereby

and induced to act.'' Such language as that quoted is oftentimes found in the complaints filed in similar actions, but is not indispensable. The rule is well settled that when a party either in a complaint or answer seeks to predicate his cause of action or defense on the ground of fraud, no specific words are required, but it is necessary to plead such facts as show that the transaction involved was fraudulent and any appropriate language may be employed for that purpose. To make such a complaint sufficient to withstand demurrer, however, the language insisted upon by appellant, or its equivalent, should appear, but we believe the language used in the present complaint is a sufficient equivalent. Vest v. Wright (1884), 98 Ind. 335, 337; Ray v. Baker (1905), 165 Ind. 74, 83, 74 N. E. 619. The averments of the complaint are sufficient to constitute a good complaint on the charge of fraud, and the demurrer was properly overruled.

The causes assigned and argued in support of the motion for a new trial are that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and that the court erred in the admission of certain evidence and in giving to the jury on its own motion certain instructions. As a part of the evidence in the case, appellee introduced a deed to himself and wife for the lot in the city of Indianapolis. It appearing therefrom that this item of evidence was in conflict with the averment of his complaint as to the ownership of the property, to overcome this record evidence of title the court permitted appellee and his wife over the objection of appellant to testify that the wife had no interest in the land. The contention is that the introduction of such proof violated the well-recognized rule that forbids the terms of a written contract to be varied by parol testimony. It must be observed, however, that this action is not between the parties to the deed, but is between one of the grantees and a stranger to the deed. In such case our court said, ''But aside from the question of fraud,

while a dispositive instrument can not be varied by parol, so far as the parties to it are concerned, yet, in respect to strangers, written instruments usually have no binding force, and the familiar rule against the variation of such instruments by parol evidence applies only to parties and privies.'' *Burns* v. *Thompson* (1883), 91 Ind. 146, 150. See, also, *Noble* v. *Epperly* (1855), 6 Ind. 468, 472; *Alexander* v. *Collins* (1891), 2 Ind. App. 176, 180, 28 N. E. 190.

In this connection an able lawwriter has said, ''The relations between two persons who have contracted in writing may be brought in issue collaterally in a suit between others. In such a case the parol evidence rule does not apply. The facts may be proven as they exist, regardless of the oral evidence varying the terms of any writing between the parties. The rule is one enforced for the benefit of parties who have agreed upon written expressions of their relations and the reason for its application ceases when the rights of others are involved, who have neither made the writing nor claim anything under it.'' McKelvey, Evidence §280; 1 Greenleaf, Evidence (15th ed.) §279. The same doctrine has been thus expressed by another noted lawwriter: ''It has often been laid down in unlimited terms that the parol evidence rule is applicable only in suits between the parties to the instrument. It is unquestionably true that the rule does not operate to exclude parol evidence, otherwise admissible, in a controversy between strangers, or one of the parties and strangers, who are not representatives or privies of a party and have no connection with the instrument, where they (the strangers) are not seeking to enforce it as effective for their own benefit, or the like.'' 1 Elliott, Evidence §572. The supreme court of New York thus states the rule: ''The rule excluding oral evidence to vary the terms of a written instrument applies only to actions between both parties to the instrument or their privies, and has no application to a case where the controversy is between third parties, or one party to the instrument and a third party.'' *Josephson* v. *Gens* (1913), 141 N. Y. Supp. 522, 524,

citing, among others, *McMaster* v. *Insurance Co., etc.* (1873), 55 N. Y. 222, 14 Am. Rep. 239; *Lowell Mfg. Co.* v. *Safeguard Fire Ins. Co.* (1882), 88 N. Y. 591. In the case of *Aultman Engine, etc., Co.* v. *Greenlee* (1907), 134 Iowa 368, 373, 111 N. W. 1007, the court quotes with approval and applies the following language from 17 Cyc. 750, ''it is thoroughly well established that the rule has 'no application in controversies between a party to the instrument on the one hand and a stranger to it on the other, for the stranger, not having assented to the contract, is not bound by it and is therefore at liberty, when his rights are concerned, to show that the written instrument does not express the full or true character of the transaction. And where the stranger to the instrument is thus free to vary or contradict it by parol evidence, his adversary, although a party to it, must be equally free to do so.' '' Other cases which announce and follow the same rule are, *Smith* v. *Farmers, etc., Bank* (1910), 57 Or. 82, 110 Pac. 410; *O'Shea* v. *New York, etc., R. Co.* (1901), 105 Fed. 559, 44 C. C. A. 601; *Shreve* v. *Crosby* (1906), 72 N. J. L. 491, 63 Atl. 333; *Massie* v. *Chatom* (1912), 163 Cal. 772, 127 Pac. 56; *Heisler Pumping Engine Co.* v. *Baum* (1910), 86 Neb. 1, 124 N. W. 916, 136 Am. St. 660. Therefore, it was not error to permit appellee and his wife to give testimony to show the real circumstances and conditions connected with the purchase of the lot in suit, for the purpose of showing that appellee was the owner of the same.

It is claimed by appellant that the verdict of the jury is not sustained by sufficient evidence, in that it is shown by the deed that appellee and wife are owners of the land 4. as tenants by entireties, and that therefore the wife not having been made a party to the action, the husband, appellee, in this case was not entitled to recover in his own name for the fraud. The court has already spoken in a case of this character in *Moore* v. *Harmon* (1895), 142 Ind. 555, 557, 41 N. E. 599, as follows: ''If Mary E. Harmon,

wife of appellee, were a necessary party plaintiff in the action as contended by appellant—a point which we do not decide—the omission to make her a party plaintiff or defendant would result in a defect of parties; and if the fact that she was a necessary party by reason of her interest in the action and the relief sought to be obtained thereby, was not apparent upon the face of the complaint, then appellant would be compelled to interpose his objections by way of a plea in abatement, otherwise they would be deemed to be waived.'' Citing, *Bledsoe* v. *Ervin* (1871), 35 Ind. 293; *Cleaveland* v. *Vajen* (1881), 76 Ind. 146; *Atkinson* v. *Mott* (1885), 102 Ind. 431, 26 N. E. 217; *Talmage* v. *Bierhause* (1885), 103 Ind. 270, 2 N. E. 716; *State, ex rel.* v. *Ruhlman* (1887), 111 Ind. 17, 11 N. E. 793. The appellate court has announced the same rule in *Sheridan Gas, etc., Co.* v. *Pearson* (1898), 19 Ind. App. 252, 255, 49 N. E. 357, 65 Am. St. 402.

If a plea in abatement had been interposed it would have given an opportunity for appellee's wife to have filed a disclaimer, which she in fact-made by her testimony in the trial of the cause.

Finding no available error the judgment is affirmed.

Morris, J., concurs in result.

NOTE.—Reported in 109 N. E. 761. As to actions to recover for fraudulent representations, see 18 Am. St. 555. As to application of parol evidence rule to strangers to contract, see 8 Ann. Cas. 347. As to necessity for reliance on false representations in order to maintain action for deceit, see Ann. Cas. 1915 B 779. See, also, under (1) 20 Cyc. 101, 102; (3) 17 Cyc. 749, 750; (4) 31 Cyc. 738.