No. 25,039.

THE FIRST NATIONAL BANK OF LINDSBORG, *Appellant,* v. OSCAR E. NELSON, CLARA JOHNSON et al., *Appellees.*

SYLLABUS BY THE COURT.

1. ORAL CONTRACT—*Conveyance by Three Sisters of Their Interest in Tract of Land to Their Mother.* The evidence is held to support a finding that conveyances to their mother by three sisters, each owning a one-sixth interest in the tract of land conveyed, were made pursuant to a prior oral agreement between them.

2. SAME—*Oral Agreement to Convey Land—Conveyance Made in Pursuance of Agreement—Good Consideration.* Where three sisters, each owning an interest in a tract of land, agree together that all will convey their interests to their mother, and afterwards do so in pursuance of the agreement, such conveyances are made upon valuable consideration, and in the absence of actual fraudulent intent are not open to attack by a creditor of one of the

grantors, who became such after the making of the agreement and before the execution of the conveyances.

3. SAME—*Indefiniteness in Matter of Detail Unavailable to Creditors.* In the situation stated in the foregoing paragraph indefiniteness in the oral contract in matter of detail is not available to the creditor as a ground of setting aside the conveyance.

Appeal from McPherson district court; WILLIAM G. FAIRCHILD, judge. Opinion filed February 9, 1924. Affirmed.

*F. O. Johnson,* of McPherson, for the appellant.
*James Galle,* and *P. J. Galle,* both of McPherson, for the appellees.

The opinion of the court was delivered by

MASON, J.: October 13, 1914, Otto Johnson, owner of a quarter section of land, died intestate, the title passing one-half to his widow, Clara Johnson, and one-sixth to each of his three daughters, Edna O. Heline, Edith E. Johnson and Ellen A. Nelson. December 21, 1920, Ellen A. Nelson and her husband, Oscar F. Nelson, executed a deed for her interest in the land to her mother. Two days later the other daughters likewise conveyed their interest to their mother. May 3, 1922, the First National Bank of Lindsborg brought this action in the nature of a creditor's bill, seeking to subject the one-sixth interest in the land inherited by Ellen A. Nelson to the payment of a judgment obtained by it March 22, 1922, against her and her husband upon two notes executed by them December 1, 1920, the plaintiff alleging the transfer to her mother to have been made without valid consideration and in fraud of creditors. The notes were given for an old indebtedness of Oscar A. Nelson, to whom Ellen A. Nelson was married August 12, 1920. Judgment was rendered in favor of the defendants and the plaintiff appeals.

The court found that about two years before the execution of the deeds referred to the three daughters of Mrs. Johnson orally agreed among themselves that they would all convey their interest to her, and that the deeds were executed in pursuance of this agreement. Any question of actual fraudulent intent is eliminated—settled against the plaintiff by the decision of the trial court. The questions presented are whether there was any evidence to support the finding that the deeds were made under the circumstances found, and if so, whether the consideration for the deed made by the Nelsons was such as to place the interest of Mrs. Nelson in the land beyond the reach of her existing creditors.

1. Mrs. Heline testified: "Well, in September [1918] my mother, with her two daughters and my sisters, moved into town. She only had the half of the cash rent from the farm, which wasn't sufficient for her to live on, and so we decided between us that we should deed all of it over to her so she could have all the cash rent from the farm, and she moved into town and it wasn't done for some time until later. But this was the agreement. . . . The only thing I remember was that we said we should deed the land over to mother so she could get the whole income, because she positively couldn't live on the half of the income from the farm." She was asked why the deed was not made at that time and answered: "Because we wern't all together at the same time. My sisters were in town and I was in the country and was busy. We talked of it several times but never could get together to get this done." This conversation was confirmed by the other participants. It appears that Edith Johnson was not present, but Mrs. Nelson gave this testimony concerning her later assent to the agreement: "Well, I mentioned it to my sister [Edith], what we had been speaking about on the farm, and she thought the same way as I did. She saw the way things were and that mother wasn't getting sufficient money to live on and so she—and I spoke about it and she agreed to it." Edith Johnson said with reference to her talk with Mrs. Nelson: "It was sometime after it had been spoken of by the rest of the members of the family out on the farm, and she mentioned it to me and I felt that mother needed it. I didn't say very much, but I just agreed to it, that we would go and deed all of the farm over to her so that she might get the income entirely." To a question as to why the deed was not made at once she replied: "I don't know unless it was just—we just didn't get together and do it. I was at school most of the time when they were at liberty to go, and we didn't get around to it until during, until when I wasn't at school during the holidays."

We regard this evidence as sufficient to support the finding that the three daughters agreed with one another that they would convey their interests in the land to their mother and that the deeds were made in consideration of the agreement.

2. We hold also that the agreement of each of the three sisters with the others that all should convey their interest to their mother was upon a valuable as distinguished from a merely good consideration. A promise was given for a promise. Each agreed to

give up her own right to the land in consideration of the others doing likewise. Each party's promise was a consideration for that of each of the others, as is the case with the making of subscriptions to a common purpose. (37 Cyc. 488.) Each agreed to part with something of value, and made good the agreement by executing a deed. The fact that the other parties to the contract obtained no financial benefit to themselves does not affect the sufficiency of the consideration, which may as well be a detriment to the obligee as a benefit to the obligor. The fact that the contract, although for the conveyance of land, was not in writing, is not material, since the parties were under no obligation to invoke the statute of frauds, and each actually performed her oral agreement. A creditor cannot require the maker of an oral contract to refuse its performance because of its being within the statute. (27 C. J. 307; *Vaught v. Pettyjohn & Co.*, 104 Kan. 174, 178 Pac. 623.) Except for the statute of frauds, which does not affect the matter, Ellen A. Nelson was under a legal obligation to convey her interest in the land to her mother, by virtue of her agreement to do so, which was founded on a valuable consideration. The bank as a creditor can have no greater right regarding the land, and with respect to the statute of frauds, has none at all. The contract to convey having been entered into prior to Mrs. Nelson's becoming indebted to it, the bank has no standing to attack the conveyance made in pursuance thereof, although in the meantime it had become her creditor. (27 C. J. 539.)

3. It is suggested that the oral contract was too indefinite to form a basis for the deeds, particularly in that the kind of conveyance to be made was not specified. It cannot be assumed, from the fact that their mother's need of a larger income was the motive for the arrangement, that a transfer of less than a fee was contemplated. Doubtless the usual form of deed—one of general warranty—should be regarded as implied, but in any event, the parties being found to have acted in good faith, indefiniteness in detail is not of concern to the plaintiff.

"The fact that a contract may not be susceptible of specific enforcement does not necessarily imply its invalidity, and, if the parties thereto interpret its terms and carry it into effect by the transfer of property, the creditors of neither can demand the invalidating of such transfer on the mere ground of vagueness of the preliminary agreement." (*Engine & Thresher Co. v. Greenlee*, 134 Iowa, 368, 371.)

The judgment is affirmed.